PURCELL v. WOODWARD, TRUSTEE, ET AL.

[No. 23,530.     Filed April 5, 1921.]

COURTS.—*Appeals.*—*Jurisdiction.*—*Appeal from Judgment in Action to Enjoin Township Trustee.*—*Statutes.*—Where plaintiff appellant sued in the circuit court as a taxpayer to enjoin the trustee of a school township from installing a country district school in a joint high school building erected at the joint expense of a town and of the school township, under authority of §6623a *et seq.* Burns 1914, Acts 1911 p. 475, and from carrying to that school pupils from a country district, and causing them to be taught there by a teacher employed by the township, jurisdiction of plaintiff's appeal from an adverse judgment must be determined under §1392 Burns' Supp. 1918, Acts 1915 p. 149, the case not having originated before a justice of the peace, and, as the action is not within any class of appeals therein assigned to the Supreme Court, it is without jurisdiction and the cause must, therefore, be transferred to the Appellate Court in compliance with §§1397, 1429 Burns 1914, Acts 1901 p. 565, §13, Acts 1893 p. 29, §3.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by John E. M. Purcell against Tarleton C. Woodward, trustee, and others. From a judgment for defendants, the plaintiff appeals. Transferred to the Appellate Court under §§1397, 1429 Burns 1914, Acts 1901 p. 565, §13, Acts 1893 p. 29, §3.

*Arthur D. Cutler,* for appellant.
*William R. Nesbit,* for appellees.

EWBANK, J.—Appellant sued as a taxpayer of the town of Carlisle, in Sullivan county, Indiana, to enjoin the trustee of Haddon school township in said county from installing a "country district school" in the joint high school building which had been erected at the joint expense of the town of Carlisle and of Haddon school township, under authority of §§6623a-6623g Burns 1914 (Acts 1911 p. 475), and from carrying to that school the children from a country district in which

the schoolhouse had been destroyed by a cyclone, and causing them to be taught there by a teacher employed by the township. The teacher was also named as a defendant. A demurrer to the complaint which challenged appellant's right to maintain the action, for alleged failure to show that he would suffer special damage, or any damage which could not be compensated in an action at law, and because it was asserted that the proper remedy was by an appeal to the county superintendent, and because it was asserted that injunction would not lie for the mere purpose of preventing the violation of a contract, was sustained to the complaint, and plaintiff appealed.

No question is presented or argued as to anything except as to the right of a taxpayer of a town under the circumstances alleged, to enjoin a threatened improper use of and injury to property of the town, and the construction of said statute under which the joint high school building was erected, as authorizing the use of such a building only for a "high school," and the alleged consequent illegality of its use for the conduct of a "country district school."

The appeal was probably filed in the Supreme Court in reliance on a provision in §1382 Burns 1914, Acts 1893 p. 29, long since repealed, that "the Appellate Court shall not have jurisdiction in suits in equity," or on §1391 Burns 1914, Acts 1901 p. 565, §8, which provides for an appeal to the Supreme Court of a civil case involving "the proper construction of a statute  *  *  * for the purpose of presenting that question only," where it originated before a justice of the peace, and the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars.

But this case did not originate before a justice of the peace, and the jurisdiction of the appeal must be determined by §1392 Burns' Supp. 1918, Acts 1915

p. 149. This case is not within any class of appeals therein assigned to the Supreme Court. Ewbank's Manual (2d ed.) §§61-70, inclusive.

It is ordered that this cause be and it is hereby transferred to the Appellate Court, in compliance with §§1397, 1429 Burns 1914 (Acts 1901 p. 565, §13; Acts 1893 p. 29, §3).

Townsend, J., absent.