STATE OF INDIANA, EX REL. GREEN v. JEFFRIES
ET AL.

[No. 12,498.    Filed October 27, 1925.]

1.  MANDAMUS.—*Appellate Court may issue writs of mandate only in aid of its appellate powers and functions.*—The Appellate Court has jurisdiction to issue writs of mandate only in aid of its appellate powers and functions.    p. 528.

2.  APPEAL.—*Appellate Court has jurisdiction of appeals growing out of matters connected with a decedent's estate.*—Since the enactment of the act of 1925 (Acts 1925 p. 487, §1356 Burns 1926), regulating the jurisdiction of the appellate courts, all appeals growing out of any matter connected with a decedents' estate must be taken to the Appellate Court.    p. 528.

3.  APPEAL.—*Section 3310 Burns 1926 providing for appeals in matters connected with decedents' estates was repealed by Acts 1925 p. 487.*—Section 3310 Burns 1926, §2977 Burns 1914, §2454 R. S. 1881, in so far as it provides that jurisdiction of appeals growing out of any matter connected with a decedent's estate should be taken to the Supreme Court, was repealed by Acts 1925 p. 487 (§1356 Burns 1926) conferring all appellate jurisdiction on the Appellate Court excepting that specified therein.    p. 528.

4.  EXECUTORS AND ADMINISTRATORS.—*Statute providing for appointment of person entitled to preference is mandatory, and courts have no discretion.*—The statute (§3067 Burns 1926, §2743 Burns 1914) giving certain classes of persons preference in the appointment of an administrator or executor is mandatory, and when a person entitled to preference and quali-

State, ex rel., v. Jeffries—83 Ind. App. 524.

fied applies for letters of administration within the time provided by statute, the court has no discretion to refuse the request.   p. 530.

5.   MANDAMUS.—*Appellate Court held without jurisdiction to grant relief in specific case.*—The fact that the relatrix in a proceeding commenced in the Appellate Court to obtain a writ of mandate against a circuit court judge has been denied a statutory right, and the judge refuses to correct the error, does not authorize the Appellate Court to grant a writ of mandate; until the relatrix, by proper exception or motion to vacate the order, puts herself in position to appeal from some adverse ruling, or shows that the trial court has refused to act on some matter from which an appeal would lie to the Appellate Court, it has no jurisdiction to grant relief by mandamus.   p. 530.

6.   MANDAMUS.—*Statement in application for writ of mandate held to be conclusion of pleader and not statement of fact.*— The statement in an application to an appellate tribunal to issue a writ of mandate to a circuit judge that it would have availed the relatrix nothing to have filed a motion to vacate the order denying her a statutory right must be considered a conclusion and not a statement of fact.   p. 531.

Original action in Appellate Court for writ of mandate.

Application by Nettie Green for writ of mandate to Abraham L. Miller, probate commissioner, and John P. Jeffries, judge of the Vigo Circuit Court.   *Writ denied.* By the court in banc.

*John W. Becker* and *Beecher & Beecher*, for relator.

McMAHAN, J.—This is an original action filed in this court in which the petitioner asks that a writ of mandate be issued to Abraham L. Miller and John P. Jeffries, the former being the probate commissioner and the latter the judge of the Vigo Circuit Court, directing and enjoining them from attempting to administer upon the estate of one Catharine Chapman, ordering them to grant the relatrix a hearing on her application for letters of administration upon said estate and that they proceed to hear and receive evidence touching her quali-

fication to act as administratrix of said estate and if there is no evidence from which it might be reasonably inferred that she is not a proper person to act, to appoint her administratrix of said estate.

It appears from the petition that John P. Jeffries, who is judge of the Vigo Circuit Court, appointed Abraham L. Miller probate commissioner of said court and, in the order of appointment, among other things, directed that all petitions in relation to trusts be referred to such probate commissioner for investigation and examination before being acted upon by the court, and that such commissioner, when necessary, should hear evidence and make a report to the court with his recommendations. That Catharine Chapman, a resident of Vigo county, died December 10, 1924, intestate, leaving personal property and real estate in said county. That she left debts including the expenses of burial aggregating about $250. That she left as her sole and only heirs, two children, the relatrix, aged fifty-two years and the wife of Frank Green, and one Eura Wilson, aged fifty, both of said daughters being residents of Vigo county. On December 12, 1924, the relatrix filed her verified application for letters of administration on said decedent's estate, together with the written consent of her husband to her appointment, and a bond in the sum of $10,000 with the United States Fidelity and Guaranty Company, surety. This application was in proper form and stated that the personal property of the decedent was of the probable value of $3,000. That this application was immediately referred to said probate commissioner. That on January 7, 1925, without either of the defendants examining the relatrix and without either of them hearing any evidence concerning the qualification of the relatrix to act as such administratrix, and without any report being filed by the said Miller as probate commissioner, an order and decree

was made and entered in the order book of said court denying letters of administration to the relatrix on the ground that she was not qualified.

It appears from the petition filed herein that on December 11, 1924, said Eura Wilson filed her application for letters of administration on said estate, but that such application, by leave of court, was withdrawn January 22, 1925, and that no objection to the appointment of the relatrix was ever made by Mrs. Wilson or by any of the creditors of said estate or by any other person. That on January 12, 1925, said probate commissioner heard the application of one Thomas Hook for letters of administration on said estate. That said Hook was not a creditor or relative of the decedent. That said Miller, without making any report on this application to the circuit court, appointed said Hook administrator of said estate. That neither the relatrix, the heirs, nor the creditors of said estate had any notice or knowledge of the application of said Hook and were given no opportunity of objecting to his appointment. That the application of Hook was oral and not addressed to the court. That although relatrix has demanded a hearing on her application, the same has been denied. That it would be useless for her to file any motion or pleading requesting the defendant Jeffries to vacate his order appointing Hook, or to vacate the order denying letters to the relatrix, or to require said Miller to make a report on the application of the relatrix, as such motions and pleadings would be ignored. That if relatrix appealed, she would have no error on which to predicate an appeal because of the failure of said probate commissioner to make a report, and if she did appeal, said Hook would have administered upon the said estate before the appeal could be heard.

A question having been raised as to the jurisdiction of this court over the subject-matter, that question will

be considered first. This court has jurisdiction to issue writs of mandamus only in aid of its appellate powers and functions. §1244 Burns 1926, §1224 Burns' Supp. 1921, Acts 1915 p. 207; *State, ex rel.*, v. *Cox, Judge* (1923), 193 Ind. 519, 141 N. E. 225. If the relatrix were in a position to appeal from the action of the Vigo Circuit Court, should her appeal be to the Supreme Court or to this court? If to this court, we have jurisdiction to entertain her petition filed herein. If that appeal should be to the Supreme Court, we have no jurisdiction to act upon her petition and it would be our duty to dismiss the petition for want of jurisdiction. If it were an appeal instead of an original action, and if we had no jurisdiction, it would be our duty to transfer the appeal to the Supreme Court.

Section 3310 Burns 1926, §2977 Burns 1914, Acts 1881 (Spec. Sess.) p. 423, provides that: "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court." It is clear that the matter of which the relatrix complains is connected with a decedent's estate, and unless the provision of said section requiring the appeal to be taken to the Supreme Court has been repealed, we have no jurisdiction to entertain this petition. The act creating this court expressly limited its jurisdiction to certain designated classes of cases. Acts 1891 p. 39. The jurisdiction of appeals in all other appealable cases remained in the Supreme Court. The same idea was carried into the amendatory act of 1893. §1343 Burns 1926, §1382 Burns 1914, Acts 1893 p. 29. This section, however, was repealed in 1901, when the legislature by an act expressly and specifically named the classes of cases in which appeals could be taken to the Supreme Court, and provided that "all other appeal-

able cases shall be taken to the Appellate Court." Each subsequent act of the legislature defining the jurisdiction of the Supreme and Appellate Courts, after first naming the classes of cases in which appeals shall be taken to the Supreme Court, in like language, provides that "all other appealable cases shall be taken to the Appellate Court." See §1392 Burns 1914, Acts 1907 p. 237; §1392 Burns' Supp. 1921, Acts 1915 p. 149; and Acts 1925 p. 487. In the amendatory act of 1893, *supra,* (§1, clauses 8 and 9), the legislature recognized that orders or judgments refusing to appoint or refusing to remove administrators, executors, and guardians were appealable cases, and the jurisdiction in appeals in such cases was in this court. And we here remark that no little confusion has arisen on account of the fact, that the compiler of Burns Ann. St. 1914, inserted therein the whole §1 of the amendatory act of 1893, *supra,* numbering the same as §1382, doubtless overlooking the fact that all of this section except the part creating the Appellate Court had been repealed in 1901. See *Purcell* v. *Woodward, Trustee* (1921), 190 Ind. 372, 130 N. E. 405. The only act now in force defining the jurisdiction of the Supreme and Appellate Courts of this state is the act of 1925, *supra.* That act is the latest expression of the legislature designating the classes of cases that may be appealed to the Supreme Court. The express provision therein, that "all other appealable cases shall be taken to" this court is in direct and irreconcilable conflict with the provision in §3310 Burns 1926, *supra,* to the effect appeals growing out of any matter connected with a decedent's estate shall be taken to the Supreme Court. And we hold that said §3310 Burns 1926, *supra,* in so far as it provides that the jurisdiction of appeals growing out of matters connected with decedents' estates shall be taken to the Supreme

Court, has been repealed, and that we have jurisdiction of the relatrix' petition in the instant case.

The relatrix correctly contends that when a person entitled to preference applies for letters of administration within the time provided by statute and is 4. qualified, the statute providing for such appointment is mandatory and that the court has no discretion to refuse such request.

If the facts stated in the petition are true, and, for the purpose of this application, we will deem them to be true, the relatrix has been denied a right given 5. her by statute. But the court in which her application was pending has acted and has entered an order denying her application and two weeks later appointed another person. The relatrix has taken no steps to have the court vacate the order denying letters to her or to have the appointment of Mr. Hook vacated. No exception has been taken to any action of the Vigo Circuit Court. There is no allegation that there is any application, motion, or proceeding of any kind pending in that court undisposed of, or that the court has refused to act on any motion filed and now pending, and that the relatrix desires to appeal to this court from an adverse ruling. Until the relatrix puts herself in position so as to be able to show that she is in position to appeal from some adverse ruling, or that the court has refused to act upon some matter from which an appeal would lie to this court from an adverse ruling, we have no jurisdiction to grant relief. The fact that the relatrix believes it would avail her nothing to file a motion to vacate the order of the court refusing to appoint her, does not give her any right to ask the intervention of this court. She should have taken some action to put the trial court in default before asking relief from this court.

The statement of the relatrix that it would have

availed her nothing if she had filed a motion to have the order denying her application for letters vacated must be considered as her conclusion and not as a fact. This feeling and belief on her part may indicate a belief that she has not received fair treatment from the court, and that a want of confidence in the courts has been created. Whether she has received fair treatment is not for us to say. But with the present discontent with things as they are, with anarchy and bolshevism striving to undermine our present form of government, the judiciary, above all, should see to it, that the faith and confidence of the public in the courts of our land remain unshaken. This is not said as a reflection upon the alleged action of the respondents in the instant case, but refers to every court, whether it be a court of *nisi prius* or of appellate jurisdiction. In the words of Bacon, "Let not judges meet the cause half way, nor give occasion for the party to say his counsel or proofs were not heard." Would that every member of the judiciary and bar read that excellent, essay of Bacon, "Of Judicature."

Without either approving or disapproving the alleged action of the respondents, the petition of the relatrix herein is denied.