STATE EX REL. MOCK *v.* WHITLEY CIRCUIT COURT ET AL.

[No. 26,699. Filed June 9, 1937.]

*Slaymaker, Merrell & Locke, Walter Brubaker,* and *W. Henry Eichhorn,* for appellant.

*Daniel M. Link,* and *Walter D. Stump,* for appellee.

ROLL, J.—On the 10th day of April, 1936, the relator filed his verified petition herein for a writ of prohibition against respondents, praying that respondents be re-

strained and prohibited from exercising or assuming to exercise any jurisdiction, control, or authority over the relator as to certain funds or money collected or received by him other than the moneys collected and received by relator pursuant to and in compliance with the judgment of the Whitley Circuit Court. A temporary writ was issued on June 1, 1936, and on June 8, respondents filed return to said writ. It appears from the petition and the return thereto that on January 21, 1933, the Indiana State Bank and Trust Co., of Warsaw, Indiana (hereinafter called the bank) was adjudged insolvent by the Kosciusko Circuit Court, and relator, Victor D. Mock, was on that day appointed receiver thereof. That he qualified and is now the duly appointed and acting receiver of said insolvent bank. That on October 27, 1933, one Eli N. Smith, a creditor of said bank, brought an action in the Kosciusko Circuit Court for and on behalf of himself and all other creditors of said bank, against P. F. Goodrich and other stockholders, to recover from said stockholders named as defendants therein the amount of their liability to the creditors of said bank, as owners of shares of stock in said bank. Said cause was on change of venue sent to the Whitley Circuit Court, and on April 15, 1935, a decree and judgment was entered against the stockholders and relator was appointed special receiver to collect and disburse, under order of the Whitley Circuit Court. Said judgment contained the following:

"And the Court further finds that Victor D. Mock should be appointed special receiver to receive, collect and disburse under the order of this Court the moneys paid and collected upon the judgment rendered herein, as well as upon the moneys heretofore paid to him by certain of said defendants to apply upon their shareholders' liability, and that his bond as such receiver should be fixed in the sum of $10,000.00."

The following stipulation was attached at the end of said decree and judgment.

### "STIPULATION

Warsaw, Indiana,
April 13, 1936.

The undersigned attorneys of record for the parties plaintiff and defendant in the above entitled cause hereby stipulate, for and on behalf of their respective clients, that the Court enter the foregoing decree and judgment in this cause."

That soon after relator's appointment as receiver of the bank, he proceeded to and did notify the various stockholders of their 100% liability to creditors and demanded payment. Certain stockholders pursuant to said notice paid to relator a part or all of their stock liability. Relator alleges in his petition that said money was paid to him as receiver of the bank, but respondent alleges that he has been reliably informed that said stockholders paid their stock liability to relator under an oral trust agreement, to the effect that relator would hold said money until a proper officer was appointed to receive the same and would pay such liability collections to said officer and hold said shareholders harmless from the payment of further interest, and from liability in such stockholders' suit and the judgment to be entered therein, to the extent of any such payments so made to him.

That the judgment and decree entered by the Whitley Circuit Court was dictated by and agreed to by all the parties thereto, and the relator was agreed upon as the proper person to be appointed as special receiver, and that said relator was appointed with full knowledge of the decree and judgment as was entered therein. That prior to relator's appointment as special receiver he had petitioned the Kosciusko Circuit Court for permission to make distribution to creditors which was

granted and said relator made distributions to creditors of said bank, and distributed money he had received from stockholders in payment of their stockholders' liability. After making such distribution said Eli N. Smith filed a petition in the Whitley Circuit Court wherein it was charged that the relator herein was improperly intermingling the funds properly belonging to him as special receiver with the funds of said general receivership. Upon the hearing of this petition the Whitley Circuit Court ordered relator herein to make distribution of certain funds, which included money received from stockholders in payment of their stockholder's liability prior to his appointment as special receiver, which money relator had already paid out under order of the Kosciusko Circuit Court. Relator deposited the money he received from stockholders prior to his appointment as special receiver to his account as receiver of the bank. It is alleged in the response herein that said relator, at the time judgment against the stockholders upon their stock liability was rendered, was present and participated in the proceeding and was familiar with the provisions of said decree, and accepted the appointment with the understanding and agreement that he should, pursuant to said judgment and order, account as special receiver for all of the funds he had theretofore collected from shareholders on account of said shareholders' constitutional liability, as well as all other funds that he might thereafter collect on account of such liability. That relator with full knowledge of the provisions of said judgment made no claim that the funds theretofore collected from said stockholders had been disbursed, or that he did not have such funds in his hands in trust for the benefit of the creditors of the bank, but affirmatively stated that he did, at that time, have in his custody, in trust, funds in a considerable amount paid in to him by shareholders. Having paid

out that money received from shareholders prior to his appointment as special receiver, under orders of the Kosciusko Circuit Court, and now being ordered to account to the Whitley Circuit Court as special receiver, for the same money, he comes to this court for a writ of prohibition against the Whitley Circuit Court, asking this court to prohibit it from exercising jurisdiction over and from making any order with reference to the money which relator collected from the shareholders on their stock liability and which he deposited to his account as receiver for the bank, and which he has paid out to creditors of the bank under the orders and directions of the Kosciusko Circuit Court.

There is no contention but that each court had jurisdiction to appoint a receiver. The Kosciusko Circuit Court has jurisdiction over the relator in the general receivership, and the Whitley Circuit Court has jurisdiction over relator in the special receivership, and each court has jurisdiction to enter orders in their respective receivership as to him seems proper. The statute, §3-2201 Burns Ind. St. 1933, §1090 Baldwin's 1934, provides: "That writs of prohibitions may issue out of the Supreme Court to such Circuit, . . . courts, respectively to restrain and confine them to their respective lawful jurisdiction." It is only when such court attempts to act without the confines of its lawful jurisdiction that this court has power to act. This statute does not authorize this court to intervene in a matter where the Circuit Court has jurisdiction to act, even though the action about to be taken appear to this court as erroneous. The Whitley Circuit Court has jurisdiction in the special receivership case, and can make orders therein as it sees to be proper and right. It might make orders and rulings which, if presented to this court on appeal, would be reversed, yet such fact would not deprive it of jurisdiction to make the order. So in this

case we think the Whitley Circuit Court had jurisdiction to do the thing it is attempting to do. Whether they are correct or erroneous is not for us to decide in a petition for a writ of prohibition. Such questions are proper to present on an appeal by the party dissatisfied therewith.

No grounds for a writ of prohibition having been shown, the temporary writ heretofore issued is dissolved, and petition denied.