STATE EX REL. WILLIAMS *v.* GOSHORN, SPECIAL
JUDGE, ET AL.

[No. 27,743.   Filed October 2, 1942.]

*Wallace, Randel & Wallace,* of Terre Haute, for relator.

Roll, C. J.—This is an original action by relator, Frank U. Williams, against the respondent, Benjamin V. Goshorn, Special Judge of the Putnam Circuit Court in the case of Blanche Sams, Admx. v. The Pennsylvania Railroad Company and Frank U. Williams, pending in said court.

In relator's petition it is alleged that in December, 1936, Blanche Sams, as administratrix of the estate of Clarence E. Sams, deceased, filed her complaint in the Clay Circuit Court, against the above named defendants, to recover damages occasioned by certain alleged acts of negligence resulting in the death of plaintiff's decedent. The complaint charged joint negligence of the defendants in the operation of the train. (Defendant Williams was the engineer in charge of the train.) It also charged the defendant railroad company with separate negligence in the maintenance of the crossing.

A trial was had in the Clay Circuit Court in December, 1937, but the jury could not agree upon a verdict. The case was retried in October, 1938, and the jury returned the following verdict:

"We, the jury, find for the plaintiff and against the defendant, The Pennsylvania Railroad Company, and assess plaintiff's damages at $2,750.00; and we find for the defendant Frank U. Williams."

On October 17, 1938, the defendant filed its separate motion for judgment on the answers to interrogatories, notwithstanding the general verdict. On October 20,

1938, the plaintiff filed a motion for judgment on the verdict, which motion was not ruled upon by the court.

On November 12, 1938, the defendant railroad company filed its separate motion for a new trial. On February 2, 1939, the court overruled the separate motion of the railroad company for judgment on the answers to interrogatories, and on the same day sustained its motion for a new trial.

On February 27, 1939, the plaintiff filed a motion and affidavit for a change of venue from Clay County. On March 17, 1939, Frank U. Williams, relator herein, filed a motion in the Clay Circuit Court for judgment in his favor upon the verdict of the jury, which motion was sustained, and judgment in his favor was thereupon entered by the court. On the same day, but after judgment had been entered in favor of the defendant Frank U. Williams, the court also sustained the plaintiff's motion for a change of venue from the county, and by agreement of the parties, the action was venued to the Putnam Circuit Court.

After said cause reached the Putnam Circuit Court, other pleadings were filed including a supplemental answer and an amended supplemental answer by the railroad company, and a reply to said answers by the plaintiff. Motions to strike out the reply and motions to reconsider rulings on said motions to strike out were filed.

Plaintiff never asked for a new trial of the issues as to herself and the defendant Frank U. Williams, and no new trial ever has been granted. The petition also alleges that if this petition is not granted, the defendant Williams will again be put to the trouble and expense of again defending. This may be true, but it does not necessarily follow that such facts would justify this court's intervention. The power

of this court to stay the hand of a trial court is limited by statute § 3-2201, Burns' 1933, § 1090, Baldwin's 1934. This statute provides that this court may issue writs of prohibition to the courts therein named, to restrain and confine such courts to their respective lawful jurisdiction.

The jurisdiction of the circuit courts of this State is clearly defined by our statutes, and it is not contended by the petition herein that the circuit court of Putnam County does not have full and complete jurisdiction of the subject-matter of the action pending therein, and mentioned in his petition. The facts fully and undeniably show that such is the case. It also shows that jurisdiction over the person of the relator was obtained and again no contention to the contrary is urged. In such a case, this court should not interfere with the orderly procedure in the trial court. It is true, however, that trial courts commit error in the trial of cases. If error is committed in the trial, an appeal to a court of review is provided to correct such errors. Because the trial court makes a mistake and enters an erroneous ruling upon some motion, it does not, because of such mistake, lose jurisdiction over the action. In deciding whether a writ of prohibition should be issued, this court is not permitted to pass upon the correctness of the trial court's action. The only question here presented by relator's petition, is whether or not the Putnam Circuit Court has jurisdiction to proceed in the case pending therein, as disclosed by the facts herein set out and alleged in his petition.

We think it clear that petitioner's only complaint is based upon what he thinks is an erroneous ruling of the respondent, and not the jurisdiction of the court to rule upon the questions presented. If he has jurisdic-

tion, there is a possibility that he may make a mistake; but this does not deprive him of jurisdiction.

We do not mean in any way to pass upon the merits of the legal questions advanced by relator. These are questions for the determination of the trial court. If petitioner thinks they constitute reversible error, he may present them to the proper court of review on appeal where they will be duly considered.

It follows, therefore, that relator's petition for a writ of prohibition should be and the same is hereby denied.

NOTE.—Reported in 43 N. E. (2d) 870.