STATE EX REL. SHOEMAKER ET AL. *v.* FRY, JUSTICE OF THE PEACE

[No. 28,209.   Filed June 13, 1946.]

338

*Tod Whipple,* of Portland, for appellants.

*Roscoe D. Wheat,* of Portland, for appellee.

STARR, C. J.—This action was brought by the appellants to mandate the appellee as Justice of the Peace of Wayne Township, Jay County. The trial court sustained a demurrer to the complaint and appellants elected to stand on said demurrer and refused to plead further. Thereupon, judgment was rendered against them, from which this appeal was taken, assigning as error the action of the court in sustaining such demurrer.

The material allegations of the complaint are as follows: that a suit in replevin was brought against the appellants in the court of the appellee; that the plaintiffs in said suit sought the immediate possession of the property involved and gave bond for immediate possession; that a writ of replevin was thereupon issued and the property seized by the constable; that after the seizure of the property on motion of the plaintiffs said cause was dismissed; that the appellee, when said cause was dismissed, rendered judgment for appellants for costs but failed to adjudge that the appellants have return of the property as provided by § 5-1305, Burns' 1933; said complaint prays that a writ of mandate issue against the appellee to compel him to modify and change the judgment to conform to the statute above mentioned; namely, to include in the judgment that the appellants have return of the property. Appellee's demurrer to this complaint was for insufficiency of facts. In his memorandum filed with

this demurrer appellee sets out only one reason why the complaint was insufficient; namely, that appellants' remedy was by an appeal from the judgment of the appellee as such justice of the peace. We are of the opinion that appellee's specific objection to this complaint, as set out in this memorandum to the demurrer, was not well taken. The provision of § 5-1305, Burns' 1933, is clearly mandatory in that it was the duty of the justice of the peace to enter the judgment as required by said statute, and it was not necessary for the appellants to appeal from the order of dismissal. The entry of this judgment under our statute would have been a ministerial act. *State ex rel.* v. *Beal* (1916), 185 Ind. 192, 113 N. E. 225; *The State ex rel. Hamilton* v. *Engle* (1890), 127 Ind. 457, 26 N. E. 1077.

An examination of appellants' complaint, however, discloses that there is no allegation therein that the appellant ever requested the appellee to enter the order which is alleged to have been omitted, nor is there any allegation that the appellee has refused to make such order when so requested. Until such refusal is shown a writ of mandate to enforce a duty owing to a private person cannot be obtained. "A *mandamus* issues from the Circuit Court to a person, or to persons, exercising an inferior authority, requiring the performance of a particular act, which should be, but is refused to be, performed, by such person or persons; and until such refusal is shown the writ cannot be obtained." *Lewis* v. *Henley and Others* (1850), 2 Ind. 332, 333. See also *State ex rel.* v. *Beal, supra; State ex rel.* v. *Fisher* (1901), 157 Ind. 412, 61 N. E. 929; *Lake Erie and Western Railroad Co.* v. *The State ex rel. Mushlitz* (1894), 139 Ind. 158, 38 N. E. 596; *Ingerman, Drainage Commissioner* v. *The State ex rel. Conroy* (1890), 128

Ind. 225, 27 N. E. 499; *The State ex rel. Wick* v. *Slick* (1882), 86 Ind. 501; 38 C. J. *Mandamus*, § 96. It was necessary for the appellants to allege in their complaint that such demand and refusal was made, in order to state a cause of action and due to such failure appellants' complaint was bad. *McClellan* v. *State ex rel.* (1914), 182 Ind. 433, 106 N. E. 689; *Ingerman, Drainage Commissioner* v. *The State ex rel. Conroy, supra;* *State ex rel.* v. *Fisher, supra.* It was not error to sustain said demurrer.

In upholding this judgment, we are not limited to any alleged deficiency specified in the memorandum. *Brannan* v. *Kelley* (1925), 83 Ind. App. 250, 148 N. E. 157; *State ex rel.* v. *Palmer* (1915), 184 Ind. 7, 110 N. E. 213.

Judgment affirmed.

NOTE.—Reported in 67 N. E. (2d) 142.