STATE EX REL. CLAFFEY *v.* GOETT, SPECIAL JUDGE, ET AL.

[No. 28,224.   Filed September 17, 1946.]

*Clinton H. Givan* and *John M. Caylor,* both of Indianapolis, for relator.

*Thomas E. Garvin,* of Indianapolis, for respondent Goett, and *Erle A. Kightlinger,* of Indianapolis, for respondent Hamill.

STARR, C. J.—This is an original action filed by the relator against the respondents Henry O. Goett, as Special Judge of the Marion Circuit Court and Ralph Hamill, as Judge of the Marion Superior Court, Room 5.

Although this action was brought in the name of the relator we will consider the complaint so amended as brought in the name of the State on relation of petitioner.

The petition discloses that relator was a candidate on the Republican ticket for the nomination for the office of State Representative from Marion County at the primary election held on the 7th day of May, 1946, and that the official canvass showed he was not nominated; that on May 22, 1946, relator filed in the Marion Superior Court of Marion County, Room 5, his petition for a recount in 380 voting precincts in Marion County all as provided by § 29-5401 et seq., Burns' 1933 (Supp.). This petition named only the opposing candidates who were nominated. Said petition further discloses that on June 1, 1946, relator filed an amended petition excluding certain voting precincts which in his original petition he had sought to be recounted, and named all persons who were candidates for the office of State Representative of Marion County on the Republican ticket, and on June 5, 1946, he filed a second amended complaint purporting to add additional voting precincts to be recount-

ed; that prior to the time relator filed his original petition one Elmer Petty, who had been a candidate at said primary election for the nomination for the office of Justice of Peace for Center Township, Marion County, had filed his petition for a recount in the Marion Circuit Court, which case was pending at all times herein mentioned before respondent Goett as Special Judge; that on June 18, 1946, relator's cause was on the Court's own motion ordered transferred to the Marion Circuit Court and consolidated with the above mentioned petition of said Elmer Petty all of which was done in due course; that relator thereafter appeared in the consolidated cause in the circuit court and moved that his petition be remanded to the superior court which motion was overruled; that he then filed various pleadings and demurrers in said cause and asked leave to amend his petition which was denied; that thereafter one of the defendants filed a written motion to dismiss relator's petition setting out six different grounds therefor which was sustained and the cause was dismissed. Grounds for dismissal among others in said motion were that relator had made additional parties defendant to his petition and added new voting precincts to be recounted after the time for filing his petition had expired and that he had failed to designate with sufficient certainty the voting precincts in which he desired a recount.

After setting out the above facts relator prays that respondent Goett be ordered to allow relator to amend his petition and to proceed with this cause, and in case this court should hold that the Marion Circuit Court has no jurisdiction respondent Hamill be ordered to reinstate this case, allow said amendment and proceed with the same.

Relator contends that the Superior Court could not order his case transferred and consolidated as was done

for the reason that § 29-5404, Burns' 1933 (Supp.) is not applicable; that the primary election in which he was a candidate for the nomination as State Representative was not the same election as that in which said Elmer Petty was a candidate for nomination for Justice of the Peace. With this contention we cannot agree. From the reading of the foregoing section of our statutes we are convinced that there was but one election within the meaning and intent of the same.

The refusal of the court to allow petitioner to amend his petition cannot be reviewed in this action nor may the ruling on the motion to dismiss. Both were judicial acts within the jurisdiction of Judge Goett. Whether or not these rulings were correct could only be questioned by an appeal.

Petition denied.

NOTE.—Reported in 68 N. E. (2d) 497.