STATE EX REL. INDIANAPOLIS DAIRYMEN'S CO-OP., INC.
v. MARION CIRCUIT COURT, ET AL.

[No. 28,381. Filed May 21, 1948.]

*Davis, Baltzell, Hartsock & Dongus,* of Indianapolis, for relators.

*Lloyd D. Claycombe,* Judge, Marion Circuit Court, *pro se; Charles K. McCormack, Joe Rand Beckett, Irving M. Fauvre* and *Michael L. Fansler,* all of Indianapolis, for respondents.

EMMERT, C. J.—The issues in this original action arise out of litigation in the trial court which has this day been considered by this court in appeal No. 28369 entitled Indianapolis Dairymen's Cooperative, Inc. v. Cash M. Bottema, Jr. ante p. 237, 79 N. E. 2d 399, and appeal No. 28386 entitled Indianapolis Dairymen's Cooperative, Inc. v. Cash M. Bottema, Jr., post, p. 260, 79 N. E. 2d 412.

The appellees' amended complaint, filed November 6, 1946, was designated as an "amended complaint for accounting and the appointment of a receiver." The prayer thereof, in addition to seeking the appointment of a receiver, asks that the "Indianapolis Dairymen's Co-operative, Inc., and Carl Hedges, two of the defendants herein, and any and all of the employees of said association be ordered and required to make a full and complete accounting of all moneys of the association received by said association, Carl Hedges or

any other employees of said association and also all money due the association. And that these plaintiffs and all others in a similar position be given judgment for such amount as may be found due them and an injunction against continuing improper expenditures, . . ."

After the appointment of a receiver *pendente lite*, the appellants filed a verified motion for change of venue from the county. The next day appellees filed an application to maintain the status quo. While the issue on a temporary injunction was yet pending, the trial court overruled appellants' verified motion for change of venue from the county. A writ of temporary prohibition has been granted prohibiting the trial court from taking further proceedings in the cause, except to grant the motion for change of venue from the county and to proceed with the selection of a county to which the venue shall be changed, and as a part of said writ, an alternate mandate issued requiring the trial court to grant the motion for change of venue from the county and to proceed with the selection of the county to which the venue shall be changed, or show cause why the temporary writ of prohibition and the alternate mandate should not be made permanent.

The principal relief prayed in the amended complaint was not the appointment of a receiver, but the relief to be afforded by a receiver was ancillary to the principal action for accounting and injunction. In a somewhat similar case, where there was a refusal by a partnership or one of the parties jointly interested to account for partnership funds or property, this court said:

"The purpose of interlocutory orders appointing receivers and issuing restraining orders is to preserve the status, or to protect property pending a disposition of the main action upon its merits.

The statute does not provide for a change of venue upon the hearing of such matters. Delay pending the completion of a change of venue might in many instances deprive parties of the protection afforded by such interlocutory remedies. The rule that the filing of an affidavit for a change of venue from the county does not deprive the court of jurisdiction to make such interlocutory orders .is well settled, and no indication of a recession from this rule is pointed out. See *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453." *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 312, 313, 6 N. E. 2d 953.

Where the sole and principal relief is the appointment of a receiver upon final judgment a change of venue from the county may be had, but where the receiver is requested pending the action as relief ancillary to the main cause, the issue on a temporary receivership, and the receivership itself remain in the court first acquiring jurisdiction. The jurisdiction of the issues in the principal cause is transferred to the court in another county to which the change of venue is taken. *Stair* v. *Meissell* (1934), 207 Ind. 280, 192 N. E. 453; *Vogel* v. *Chappell, Trustee, supra.* However, since the order appointing a receiver and the order granting of a temporary injunction are each reversed, there will be no issue remaining in the Marion Circuit Court for determination, and the venue of the entire cause should be changed to another county. The writ of temporary prohibition and alternate mandate is made permanent.

Young, J., not participating.

Note.—Reported in 79 N. E. 2d 412.