STATE EX REL. MCMINN *v.* GENTRY, SPECIAL
JUDGE, ET AL.

[No. 28,820. Filed September 12, 1951.]

*Johnson, Stewart & Austin,* of Anderson, for relator.

*Cassius M. Gentry, pro se,* and *Harold J. Anderson,* of Anderson, for respondents.

EMMERT, J.—This is an original action for an alternative writ of mandamus and a writ of prohibition, and presents to this court the question of the jurisdiction of the trial court to fine and imprison relator for contempt of court.

On the 22nd day of April, 1948, the State of Indiana, on relation of G. Floyd Harrold filed in the Madison Circuit Court a verified complaint for both a temporary and a permanent injunction to prohibit Ernest A. McMinn from practicing dentistry without a valid license, in violation of the provisions of the 1913 Act, as amended, regulating the practice of dentistry. Section 6-3501, *et seq.,* Burns' 1943 Replacement. On April 29, 1948, after a hearing, the court issued the temporary injunction enjoining McMinn from the practice of dentistry by doing certain specific acts as set forth in the order.

Thereafter a change of venue from the regular judge was taken, and by agreement the special judge was appointed, who qualified and assumed jurisdiction. After the death of G. Floyd Harrold, Roy A. Scircle, a licensed dentist, also a member of the Indiana State Board of Dental Examiners, and a resident of Madison County, was substitued as relator, and on May 16, 1949, an amended complaint was filed.

On March 14, 1950, in the cause then pending in the trial court and under the same caption relator Roy A. Scircle filed a verified petition for a rule to show cause charging McMinn with a violation of the temporary injunction in that "on or about the 21st day of January, 1950, the defendant violated the said injunction in that he took an impression of the gums of one Reuben Estella and constructed for said Reuben Estella a set of false teeth from said impression so taken." The petition failed to characterize the acts as done with the intention to defy the authority or power of the court.

On August 25, 1950, the court heard evidence pertaining to the violation of the temporary injunction, and on June 8, 1951, the court entered a finding that Ernest A. McMinn, "has been guilty of contempt of this court for violation of the temporary injunction restraining him from practicing without a license as charged," and on said finding entered the following judgment: "It is therefore considered and adjudged by the court that said Ernest A. McMinn pay to the State of Indiana a fine of Three Hundred Dollars ($300.00), that he be imprisoned at the Indiana State Farm for a period of three (3) months, that he pay One Hundred and Fifty Dollars ($150.00) attorneys' fees for plaintiff's attorneys' together with the costs of this action to date."

No appeal was perfected from any of the interlocutory orders, and we are not required to consider many of relator's assertions of error which might have been proper on appeal, for we are concerned in the action before us with the question of jurisdiction of the trial court to enter the above judgment. Relator could have appealed from the judgment even though it be void. 2 Gavit, *Ind. Pl. & Pr.*, § 508, p. 2511; *Shoemaker, Auditor* v. *Board* (1871),

36 Ind. 175; *Louisville N. A. & C. R. Co.* v. *Lockridge* (1883), 93 Ind. 191.

There is no necessity for an extended discussion of the authorities distinguishing between a civil contempt and a criminal contempt. Since the case of *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, the law has been well settled in Indiana that a charge of civil contempt does not constitute a charge of criminal contempt. A charge of criminal contempt should be prosecuted by the State against the defendant, in an independent action, and must charge that the acts have been done or omitted to be done with the intention to defy the authority of the court. A punitive judgment only can properly be imposed in a criminal contempt proceeding.

On the other hand, a civil contempt proceeding should be filed in the cause out of which it arises, under the same caption, and any intentional act or omission which violates the court order constitutes a civil contempt, even though not done with intention to defy the authority of the court. The object of a civil contempt is the enforcement or protection of the rights of the complainant, and only a coercive or remedial judgment may be entered. If the judgment seeks to coerce the defendant into doing an affirmative act by confinement in jail, it must provide that the imprisonment cease as soon as the act is done, so that it gives the defendant "the keys to his prison in his own pocket." *In re Nevitt* (1902), 117 Fed. 448, 461.

As was noted in the *Denny* case, *supra,* and *Gompers* v. *Bucks Stove & Range Co.* (1911), 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, the civil rights and remedies in a civil contempt case are just as distinct from the rights and remedies in a criminal contempt case, as

a civil action for damages for assault and battery is independent and distinct from a criminal prosecution for assault and battery arising out of the same acts.

It could scarcely be contended that had Scircle sued McMinn for damages for assault and battery, upon a finding for the plaintiff the trial court would have had jurisdiction to have entered a judgment imposing a fine of $300 and three months imprisonment.

We agree with the holding in the *Denny* case, *supra*, "that imprisonment for a term or a fine not for the benefit of the complainant must be considered punitive and properly imposed only in a criminal contempt proceeding." (P. 707.) McMinn was convicted on a charge not made, which is a "sheer denial of due process." *DeJonge* v. *Oregon* (1937), 299 U. S. 353, 57 S. Ct. 255, 81 L. Ed. 278. See also *Thornhill* v. *Alabama* (1940), 310 U. S. 88, 60 S. Ct. 736, 84 L. Ed. 1093. Therefore, the judgment and commitment issued thereon are void. *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461. The trial court should have revoked the commitment as ordered in the alternative writ of mandamus. The attorneys' fees authorized by § 63-514, Burns' 1943 Replacement, depend upon a valid judgment being entered, and cannot be recovered as a part of a void judgment for the plaintiff.

After the relator Scircle had filed his petition for a rule to show cause against McMinn, and while that issue was still pending but before any hearing was called or had upon the petition, McMinn filed a verified motion for change of venue from the county, which on the 7th day of August, 1950, was refused unconditionally by the trial court. The respondent court states in its return that the motion for change of venue from the county was "overruled by the court

for the reason that the court believed that the defendant was not entitled to a change of venue from the county on the contempt of court hearing. This defendant has never maintained that the plaintiff herein (relator) is not entitled to a change of venue in the main cause of action." However, there is nothing in the record of the trial court which conforms to the position now asserted in the return.

In *State ex rel. Trotcky* v. *Hutchinson, Judge* (1946), 224 Ind. 443, 68 N. E. 2d 649, this court held that a party charged with civil contempt for the violation of a permanent injunction was not entitled to a change of judge under § 2-1402, Burns' 1946 Replacement, which generally grants the right for a change of judge in "any matter of a civil, statutory or equitable nature not triable by a jury." This section is broader in its application than § 2-1401, Burns' 1946 Replacement. *State ex rel. Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683. Since under the *Trotcky* case, *supra*, McMinn would not be entitled to a change of venue from the judge on the issue of civil contempt, he was not entitled to a change of venue on that issue from the county.

However, the trial court was in error by its denial of a change of venue unconditionally. Although we have held that a court, where a matter is then pending at the time a motion for the change of venue from the county is filed, retains jurisdiction to make necessary interlocutory orders, such as the appointment of a receiver pendente lite, *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 6 N. E. 2d 953; *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453; *State ex rel. Indianapolis Dairymen's Co-Op., Inc.* v. *Marion Circuit Court* (1948), 226 Ind. 256, 79 N. E. 2d 412, and orders for support in divorce proceedings,

*Pry* v. *Pry* (1947), 225 Ind. 458, 75 N. E. 2d 909, the moving party still has the right to a change of venue from the county in the main cause which is yet pending. If in this case a motion for change of venue from the county had been filed and granted after the temporary injunction had been made, and the transcript had been received by the court to which the venue was changed before the petition for the rule to show cause was filed, a different question would be presented, and under the general rule recognized in *State ex rel. Surprise* v. *Porter Circuit Court* (1948), 226 Ind. 375, 80 N. E. 2d 107, that the court to which an action is venued acquires the same jurisdiction as the court of origin, jurisdiction to receive, hear and decide a charge of civil contempt would have been in the court to which the main cause had been venued.

The alternative writ of mandamus is modified to mandate the trial court to grant the change of venue from the county in the main cause now pending, reserving jurisdiction on the issue of the civil contempt charge, and said writ as modified in all other respects is made absolute and said trial court is permanently prohibited from exercising any further jurisdiction to enforce the judgment convicting relator of a criminal contempt as made and entered June 8, 1951. The Clerk of this court is ordered to transmit the mandate of this court to the Madison Circuit Court forthwith.

Draper, C. J., dissents in part.

DISSENTING OPINION

DRAPER, C. J.—I agree that the relator is not entitled to a change of venue from the county in the contempt

proceeding and that he is entitled to one in the main action.

So far as prohibition is concerned, it is a preventive writ which commands the person or tribunal to whom it is directed, to refrain from doing something which the court is informed he is about to do. 42 Am. Jur., Prohibition, § 2, p. 139. In this case the respondent is not threatening to do anything further either within or without his jurisdiction, unless by his refusal to grant the change of venue from the county it could be inferred that he is threatening to try the main action in the face of a proper application for change of venue from the county. If such is the case, I think the respondent should be prohibited from so doing. He is threatening nothing else. He has rendered a final judgment in the proceeding, which judgment has been executed. See 50 C. J., Prohibition, § 18, p. 662. I see nothing to prohibit except as above mentioned.

So far as mandamus in connection with the contempt proceeding is concerned whether the court could revoke the commitment after the expiration of the term is at least debatable, and the writ should not be granted in doubtful cases. It is an extraordinary writ which can be issued only to compel the performance of a clear legal duty. 34 Am. Jur., Mandamus, § 36, p. 831. But in any event the court was never asked or requested to revoke the commitment. Courts will not be mandated to do something they have never been requested to do. *State ex rel. Tonan* v. *Bottorff, Judge* (1941), 219 Ind. 26, 36 N. E. 2d 766; *State ex rel. Shoemaker* v. *Fry* (1946), 224 Ind. 337, 67 N. E. 2d 142; *State, ex rel.* v. *Jeffries* (1925), 83 Ind. App. 524, 149 N. E. 373.

I, therefore, see no room for either mandate or prohibition in this case except to prohibit the relator from trying the main action and mandating the relator to

grant the change of venue from the county in the main action.

The relator was charged with a civil contempt. The respondent had full and complete jurisdiction thereof with full power to decide the matter, but erred in rendering a punitive judgment. The test of jurisdiction is the court's *power to act,* and not the *correctness of its decision,* for the power to decide necessarily carries with it the power to decide wrongly as well as rightly. 21 C. J. S., Courts, § 27, p. 38.

Certainly it must be unnecessary to cite cases to the effect that neither mandamus nor prohibition will lie unless the complaining party has no other plain, adequate and complete remedy. It seems to me that the relator's remedy by appeal was fully adequate and complete, and he should have pursued that remedy. Surely that remedy was as adequate as the one he has pursued. If he had appealed, he might have been able to go free on bond pending review. As it is, he has in fact served his full sentence.

It seems to me that the majority has actually treated this original action as an appeal. That is not permissible. *State, ex rel.* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9; *State ex rel. Claffey* v. *Goett* (1946), 224 Ind. 391, 68 N. E. 2d 497; *State ex rel. Mock* v. *Whitley Circuit Court* (1937), 212 Ind. 224, 8 N. E. 2d 829; *State ex rel. Williams* v. *Goshorn* (1942), 220 Ind. 369, 43 N. E. 2d 870; *Gregg, Justice of the Peace* v. *State, ex rel. Branch* (1898), 151 Ind. 241, 51 N. E. 359.

It may be that there was available to the relator an approach to the problem other than by appeal. If so, it was not, in my opinion, either by way of mandate or prohibition.

NOTE.—Reported in 100 N. E. 2d 676.