**Dennis PICKETT, Defendant-Appellant,**

v.

**PELICAN SERVICE ASSOCIATES, Plaintiff-Appellee.**

No. 54A01–8602–CV–33.

Court of Appeals of Indiana, First District.

July 17, 1986.
Rehearing Denied Aug. 29, 1986.

to all FNBL's mortgage liens. Appellee's Brief at 62.

James H. Hanson, Lynne D. Lidke, Scopelitis & Garvin, Indianapolis, for defendant-appellant.

Craig E. Pinkus, Ann E. Bartlett, Mitchell, Hurst, Pinkus, Jacob & Dick, Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Dennis Pickett appeals from the trial court's ninety day jail sentence upon finding him in indirect civil contempt for violation of an injunction concerning a covenant not to compete. We reverse.

## FACTS

On January 16, 1985, the trial court entered a preliminary injunction against Dennis and Albert Pickett enjoining them from continuing to work for Global Waste Service, Inc. (Global), any other businesses, or themselves in any manner which competed against Pelican Service Associates (Pelican). The injunction prevented them from competing within a seventy-five mile radius of Crawfordsville, Indiana, for a five year period commencing upon termination of their employment with Pelican. Thereafter, Dennis Pickett (Pickett) continued to work for Global.

On April 3, 1985, Pelican filed a motion alleging Pickett violated the preliminary injunction and requesting the trial court to order Pickett to show cause why he should not be found in indirect civil contempt. The trial court granted this order and on September 4, 1985, found Pickett in violation of the preliminary injunction and further ordered that:

> "Dennis Pickett should be sentenced to the Montgomery County jail for a period of ninety days and that such sentence should be suspended on a condition that he pay plaintiff's attorney's fees in the amount of $1,500 within 30 days of this date and on the further condition that he refrain from any further violations of the court order during the pendency of this action."

Record at 56. On October 2, 1985, the trial court granted Pickett's Motion for Stay pending appeal. Thereafter, Pickett perfected this appeal.

## ISSUE

Pickett presents three issues for review. However, our resolution of two of these is dispositive of this appeal:

1. Whether the trial court erred and exceeded its jurisdiction in sentencing Pickett to a term of imprisonment as punishment for indirect civil contempt.

2. Whether the trial court's award of attorney's fees is based upon a void order and must, therefore, be vacated.

## DISCUSSION AND DECISION

*Issue One*

■ It is well settled in Indiana that a charge of civil contempt does not constitute a charge of criminal contempt. *Duemling v. Fort Wayne Community Concerts, Inc.* (1963), 243 Ind. 521, 524, 188 N.E.2d 274, 276; *State ex rel. McMinn v. Gentry* (1951), 229 Ind. 615, 619, 100 N.E.2d 676, 678; *Denny v. State* (1932), 203 Ind. 682, 703, 182 N.E. 313, 318. The rights and remedies in a civil contempt case are distinct from the rights and remedies in a criminal contempt case although they arise out of the same acts. *McMinn*, 229 Ind. at 619–20, 100 N.E.2d at 678. A civil contempt violation of a court order is one which results in a proceeding for the benefit of the aggrieved party. *Duemling*, 243 Ind. at 524, 188 N.E.2d at 276; *McMinn*, 229 Ind. at 619, 100 N.E.2d at 678; *Denny*, 203 Ind. at 698, 707, 182 N.E. at 318, 321. Therefore, the primary objective of a civil contempt proceeding is to coerce action for the benefit of the aggrieved party. *Duemling*, 243 Ind. at 524, 188 N.E.2d at 276; *McMinn*, 229 Ind. at 619, 100 N.E.2d at 678; *Denny*, 203 Ind. at 701–703, 182 N.E. at 318–19. Conversely, punishment by way of imprisonment or a fine levied against the defendant, which goes to the State and not to the injured party, is characteristic of a criminal proceeding.

*Duemling,* 243 Ind. at 524, 188 N.E.2d at 276; *McMinn,* 229 Ind. at 620, 100 N.E.2d at 678. As such, any type of remedy in a civil contempt setting must be coercive or remedial in nature. Any type of imprisonment or fine not for the complainant's benefit must be considered punitive in nature and, therefore, properly imposed only in a criminal contempt proceeding. *Duemling,* 243 Ind. at 524, 188 N.E.2d at 276; *McMinn,* 229 Ind. at 619–20, 100 N.E.2d at 678; *Denny,* 203 Ind. at 707, 182 N.E. at 321.

In the present case, Pickett's sentence of imprisonment for violation of the injunction amounted to punishment for civil contempt. As the United States Supreme Court and the Indiana Supreme Court note:

"[I]f the defendant does that which he has been commanded not to do, the disobedience is a thing accomplished. Imprisonment cannot undo or remedy what has been done nor afford any compensation for the pecuniary injury caused by the disobedience. If the sentence is limited to imprisonment for a definite period, the defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense. Such imprisonment operates, not as a remedy coercive in its nature, but solely as punishment for the completed act of disobedience."

*Denny v. State* (1932), 203 Ind. 682, 704, 182 N.E. 313, 320, *quoting Gompers v. Buck Stove & Range Co.* (1911), 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797. Here, Pickett's jail sentence provided no benefit or remedy to Pelican for Pickett's violation of the injunction. The sentence was neither coercive or remedial in nature. Instead, the jail sentence punished Pickett for acts he had already committed. As noted by both the United States Supreme Court and our State Supreme Court, imprison-

ment which cannot undo what has already been done is a form of punishment which is inappropriate in a civil contempt setting. Therefore, the trial court erred in imposing the jail sentence on Pickett.

Pelican argues that the trial court's sentence was sanctioned in *Duemling v. Fort Wayne Community Concerts, Inc.* (1963), 243 Ind. 521, 188 N.E.2d 274, wherein the Indiana Supreme Court approved the use of imprisonment in a civil contempt proceeding.[1] The *Duemling* decision was based on *Hays v. Hays* (1939), 216 Ind. 62, 22 N.E.2d 971, wherein the Supreme Court had found imprisonment an appropriate measure for failure to obey a support order in a divorce proceeding. The court's use of imprisonment in *Hays* was clearly coercive in nature in attempting to compel support payments. Therefore, we do not find *Duemling* persuasive authority for the proposition that imprisonment is automatically appropriate in a civil setting, particularly where, as here, the sentence is being used to punish acts already completed and not as a means of coercing acts for Pelican's benefit.[2]

*Issue Two*

■ An award of attorneys' fees depends upon a valid judgment being entered and cannot be recovered as part of a void judgment. *McMinn,* 229 Ind. at 620, 100 N.E.2d at 678. As already noted, Pickett's sentence was not coercive in nature or for the benefit of Pelican and must, therefore, be considered punitive and properly imposed only in a criminal contempt proceeding. As such, the trial court's order was a void judgment and so its award of attorneys' fees must also fail.

We therefore reverse the judgment of the trial court.

ROBERTSON, P.J., and NEAL, J., concur.

---

1. However, the sentence in *Duemling* was suspended on the condition the defendant complied with the injunction.

2. Moreover, it should be noted that automatic incarceration in civil contempt proceedings has recently been questioned. *Bottoms v. B & M Coal Corp.* (1980), Ind.App., 405 N.E.2d 82, 88–89 (Noncomplying party must first be given

opportunity to explain noncompliance. A court cannot "anticipate the breach, assess the penalty and provide for the execution.") *quoting Thomas v. Woollen* (1971), 255 Ind. 612, 617, 266 N.E.2d 20, 23. *See also Caito v. Indianapolis Produce Terminal* (1974), 162 Ind.App. 590, 320 N.E.2d 821.