Timothy D. HANCZ, Appellant,

v.

CITY OF SOUTH BEND, Appellee.

No. 71A03–9703–CV–72.

Court of Appeals of Indiana.

March 5, 1998.

Donald E. Wertheimer, South Bend, for Appellant.

Ann–Carol Simons, South Bend, for Appellee.

## OPINION

STATON, Judge.

Timothy Hancz appeals the trial court's finding of contempt and his sentence thereon. Hancz presents the following consolidated and restated issues:

I.  Whether the trial court erred when it found Hancz in contempt.

II.  Whether the trial court imposed an inappropriate remedy.

We affirm in part and reverse in part.

Pursuant to the Unsafe Building Law,[1] the City of South Bend ordered Hancz to vacate and seal a residential building, one of approximately sixty properties owned by Hancz. At a July 25, 1996 hearing, the order was affirmed along with a determination that the house posed an immediate danger to persons who might enter the building.

After learning that a tenant continued living in the house, the City filed its Complaint For Enforcement of Order and For Preliminary and Permanent Injunction. On August 22, 1996, the court granted a Temporary Restraining Order and, on September 3, 1996, following a hearing, the court permanently enjoined Hancz "from causing or allowing the Property ... to be occupied in violation of the vacate and seal order...." Record at 25.

Although Hancz had given his tenant notice to vacate the property prior to issuance of the injunction, the tenant continued to occupy the house until approximately September 23, 1996. Notices posted by the City on the property were repeatedly removed. In response, the City moved for an order directing Hancz to show cause why he should not be held in contempt of the permanent injunction. Meanwhile, despite a demolition order on the property, Hancz sent an employee to the rental house to clean and repair it. The employee spent the night of October 12, 1996 at the house.

---

1. IND.CODE §§ 36–7–9–1 to 9–28 (1993).

Following an October 17, 1996 hearing on the City's motion, the trial court entered its Findings of Fact, Conclusions Thereon and Order. The court decided that Hancz had willfully violated the September 3, 1996 injunction and found him in contempt. The court then ordered Hancz to serve twenty-two days in jail, but ordered the incarceration stayed upon payment of a $2,200.00 fine to the clerk of the court. Hancz now appeals.

## I.

### Order of Contempt

Hancz first contends that the trial court improperly found him in contempt of the permanent injunction. Specifically, he argues that the evidence does not support the court's conclusion that he willfully violated the court's order. We do not agree.

■ The determination of whether a party is in contempt of court is generally a matter within the sound discretion of the trial court, and we reverse the court's decision only when it is against the logic and effect of the circumstances. *Mitchell v. Stevenson,* 677 N.E.2d 551, 558–59 (Ind.Ct.App.1997), *trans. denied.* Here, the court entered findings of fact and conclusions thereon; thus, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse,* 575 N.E.2d 663, 665 (Ind.Ct.App.1991), *trans. denied.* In reviewing the judgment, we first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.*

■ The judgment is reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *reh. denied, trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* In determining whether the findings or judgment are clearly erroneous, we

consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we do not reweigh evidence or assess witness credibility. *Id.*

■ Hancz's first argument is based upon Finding Number 5 which states, "Hancz took no action to evict the tenant." Record at 52. Hancz contends that he acted in good faith to evict the tenant and, thus, the evidence does not support this finding.

There is no dispute that the tenant did not vacate the property until at least twenty days after issuance of the injunction. Hancz argues that his failure to evict the tenant should be excused because he had sent notice of eviction to the tenant and because the injunction did not unequivocally require him to seek immediate possession through judicial action.

■ We observe that Hancz had already sent the notice to vacate to the tenant by the time the injunction was issued. After issuance of the court's order, Hancz "basically told [the apartment manager] that to continue kind of prodding on the lady.... So [Hancz] just assumed that she would move, she'd leave." Record at 146. An injunction "places a direct personal duty upon the defendant, and he is directly and personally responsible to the court for the accomplishment of the object of the order." *Denny v. State,* 203 Ind. 682, 704, 182 N.E. 313, 320 (1932). Hancz did not accomplish the object of the order. Further, his feeble efforts to remove the tenant did not amount to a reasonably diligent and energetic attempt to accomplish what was ordered. *See Powell v. Ward,* 643 F.2d 924, 931 (2nd Cir.1981), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). While the court may have overstated the evidence in Finding Number 5 when it found that Hancz took "no" action to evict the tenant, we cannot say that the finding is clearly erroneous.

Hancz also challenges the findings that he sent an employee to the property to clean it up; that he was trying to "save" the property by having work done on it; and that notices of the seal and vacate order were removed and ignored.[2] Specifically, he argues that he

---

**2.** Hancz points out that, in Finding Number 12, the court misidentified the July 25, 1996 order to vacate as an order of demolition. Record at 52.

He then argues that this cannot support the court's conclusion that he was in contempt since

did not give permission for his employee to stay at the house and that there was no evidence to show that it was he who removed the notices.

That Hancz sent his employee to the house is uncontested. The evidence adduced at the hearing and the inferences therefrom show that Hancz was having the property cleaned up so that it could be rented again. Record at 87, 96, 101, 115, 117, 172. In addition, the court could reasonably have inferred that Hancz wanted the notices of the order removed or he would have taken steps to assure that they remained posted on the property. The evidence supports the findings, and the findings support a determination of contempt.

■ Still, Hancz insists that he had the right to send his agent to enter the property to effect repairs. The injunction does' not make an exception for cleaning or repairs, and Hancz may not substitute his opinion as the meaning of an order against that of the court and then rely upon conformity to his opinion. 6 I.L.E. § 3, at 6 (1958) (citing *Thistle[thwaite] v. State*, 149 Ind. 319, 49 N.E. 156 (189[8] )). The injunction was sufficiently specific to inform Hancz of his obligations. Its scope did not permit occupancy by an employee sent to repair the property. We find no reversible error in the court's determination that Hancz was in contempt.

## II.

### *Remedy for Contempt*

The trial court ordered Hancz to serve twenty-two days in jail, but ordered the incarceration stayed upon payment of $2,200.00

to the ·clerk of the court. Hancz challenges both the incarceration and the fine.

■ The City agrees the contempt proceeding in this case was civil in nature.[3] The primary objective of a civil contempt proceeding is not to punish the defendant but to coerce action for the benefit of the aggrieved party. *National Educ. Ass'n—South Bend v. South Bend Community Sch. Corp.*, 655 N.E.2d 516, 522 (Ind.Ct.App.1995). Accordingly, in a civil contempt action, the fine is to be paid to the aggrieved party, and imprisonment is for the purpose of coercing compliance with the order. *Duemling v. Fort Wayne Community Concerts, Inc.*, 243 Ind. 521, 525, 188 N.E.2d 274, 276 (1963); *Moore v. Ferguson*, 680 N.E.2d 862, 865 (Ind.Ct. App.1997), *trans. denied.* ,

Here, the confinement could have no coercive effect. At the time of the relevant hearing, the property had been vacated. Hancz's agent had boarded up the house and placed a "no trespassing" sign on the property. Record at 136–37. The contemptuous acts named in the court's order were Hancz's "failure to act to regain possession of the Property for twenty days after the Order issued" and "his work order placing [his employee] in the Property on October 12, and 13, 1996." Record at 52–53. The incarceration merely punished Hancz for these previous acts or omissions, a form of punishment inappropriate in a civil contempt setting. *See Pickett v. Pelican Serv. Assocs.*, 495 N.E.2d 245, 247 (Ind.Ct.App.1986), *reh. denied.* The trial court erred when it ordered Hancz to serve a jail sentence.

the demolition hearing did not occur until September of 1996. We observe that the court had correctly identified the nature of the July 25, 1996 order in Finding Number 2. Record at 51. The editorial mistake in Finding Number 12 does not constitute reversible error.

**3.** A civil contempt is a violation of a court order resulting in a proceeding for the benefit of the aggrieved party. *Mitchell*, 677 N.E.2d at 560. In contrast, a criminal contempt is an act directed against the authority of the court which obstructs the administration of justice and which tends to bring the court into disrepute. *Id.* In a criminal contempt, the willful act must be accompanied by the intent to show disrespect or

defiance. *In re Perrello*, 260 Ind. 26, 29, 291 N.E.2d 698, 700 (1973).

These categories of contempt are not readily distinguishable, and a single act of disobedience of an injunction may constitute both a civil and a criminal contempt. *Denny*, 203 Ind. at 707, 182 N.E. at 321. Proceedings for civil contempt should be filed in the civil case out of which it arises, under the same caption, as was done in this case. *See State ex rel. McMinn v. Gentry*, 229 Ind. 615, 619, 100 N.E.2d 676, 678 (1951). A charge of criminal contempt should be prosecuted by the State against the defendant, in an independent action, and should charge that the acts have been done or omitted to be done with the intent to defy the authority of the court. *Id.*

In lieu of the incarceration, the court ordered Hancz to pay a fine of $2,200.00 to the clerk of the court. Once a party is found to be in contempt, monetary damages are permitted to compensate the other party for injuries resulting from the civil contempt. *Meade v. Levett,* 671 N.E.2d 1172, 1181 (Ind.Ct.App.1996). Elements which can be considered in assessing damages are the inconvenience and frustration suffered by the complaining party. *Id.*

In this case, the fine payable to the clerk of the court cannot be considered compensation for injuries incurred by the City as a result of the civil contempt. *See Duemling,* 243 Ind. at 524–25, 188 N.E.2d at 276 (punishment in form of fine which goes to State is characteristic of criminal procedure). Rather, the fine is an alternate punishment for Hancz's past acts.

The City recognizes the court's error and suggests that we cure it by affirming the amount of the fine but order that it be paid to the City. However, the amount of damages suffered by the City must be supported by substantial evidence. *Smith v. Indiana State Bd. of Health,* 158 Ind.App. 445, 459, 303 N.E.2d 50, 57 (1973), *reh. denied, cert. denied,* 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62 (1974). In this case, the record does not contain evidence of any expenses incurred by the City due to Hancz's contemptuous behavior.[4] The $2,200.00 fine for violation of the injunction was an improper punishment. Thus, the fine is void as contrary to law.

We affirm the court's contempt finding, but order the court to vacate the sentence thereon.

Affirmed in part and reversed in part.

HOFFMAN and GARRARD, JJ., concur.

---

4. We note that in the proposed findings of fact and conclusions of law submitted by the City, the suggested amount of the fine was $500.00. Record at 40.