McCLELLAN ET AL. *v.* STATE OF INDIANA, EX REL. BRYANT.

[No. 22,356.   Filed November 13, 1914.]

1. MANDAMUS. — *Complaint.* — *Requisites.* — Before mandate can issue, it is essential that every legal step shall have been taken in attaining the relief sought, and the complaint must clearly show that there is no other remedy. p. 435.

2. MANDAMUS.—*Complaint.*—*Sufficiency.*—A complaint to mandate a township advisory board to appropriate money to open and maintain a school, which failed to allege that the township trustee had made any request of the advisory board to meet and make the appropriation, or that such a request would have been unavailing was insufficient. p. 435.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Action by the State of Indiana, on the relation of William Bryant, against Daniel McClellan and others, as the advisory board of Troy Township in Dekalb County. From a judgment for relator, the defendants appeal. *Reversed.*

*Link & Atkinson,* for appellants.

*W. P. Endicott* and *F. H. Ritter,* for appellee.

ERWIN, J.—This was an action by the appellee, against appellants as the advisory board of Troy Township, Dekalb County, to mandate the said advisory board to meet and make an appropriation and take such steps as might be necessary to enable the trustees of Troy School Township to open and maintain a school in a district, abandoned by the trustee of said school township, in the year 1903.

The amended complaint is in one paragraph and alleges that the appellants constituted the advisory board of said township and that they had failed to make sufficient appropriation to maintain a school in said district No. 4, in connection with other schools of said township, and that there is sufficient taxable property in Troy Township to enable such an appropriation to be made, and that a petition signed by all the patrons of said school was presented to the trustee of said Troy School Township, asking that said school be reopened. That there reside in said school district at the present time, twelve patrons, all of whom are resident taxpayers and who will be patrons of said school should the same be reopened, and that all of the said twelve taxpayers and patrons have children of school age and that the aggregate number of school children of said twelve taxpayers and patrons is twenty-one. That the trustee is unable to reopen such school for the reason that appellants have failed to make an appropriation of sufficient funds to maintain such school. That the school building in said district is in reasonably good condition and that the roads leading thereto are in good condition. The petition ends with a prayer for a writ of mandate to require appellants to meet in special session and make an appropriation of a sum sufficient to repair and maintain such school, and if there are not sufficient funds, negotiate a loan and borrow such sum as is necessary.

McClellan *v.* State, ex rel.—182 Ind. 433.

Appellants filed a demurrer on the ground that said amended complaint does not state facts sufficient to constitute a cause of action; also alleging that the Dekalb Circuit Court had no jurisdiction in said cause. The demurrer was overruled by the court and appellants refusing to plead further judgment was rendered for the plaintiff mandating the appellants to meet on the first Monday of February, 1913, and proceed according to the prayer of the petition.

The only question presented by this appeal is the sufficiency of the complaint.

It is contended by appellants that the complaint is insufficient for failure to allege that there was any demand or request from the trustee to the advisory board, 1. that it should meet and make the necessary appropriation for opening the school. We are of the opinion that before mandate can issue, that every legal step shall be taken before resort is had to the extraordinary proceeding of mandate, and that a complaint for mandate shall state such facts as will clearly show that there is no other remedy. *State, ex rel.* v. *Scheiman* (1913), 179 Ind. 502, 101 N. E. 713. In *Advisory Board, etc.* v. *State, ex rel.* (1905), 164 Ind. 295, 73 N. E. 700, the advisory board had been requested by the trustee to make an appropriation but had refused to do so. Mandamus is an extraordinary procedure and before resort can be had to this means, it must clearly appear that the petitioner has exhausted all legal remedies, or show such facts in the petition, as would excuse any further effort in that direction. *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302, 306, 88 N. E. 505; *Frost* v. *State, ex rel.* (1914), 181 Ind. 581, 105 N. E. 51.

The petition in this cause fails to aver that the township trustee had made any request of the advisory board to 2. meet and make the appropriation, nor does it contain any averment showing that such a request would

have been unavailing. In this particular the complaint is insufficient and the demurrer should have been sustained.

Judgment reversed with instructions to the court below to sustain the demurrer to the complaint.

NOTE.—Reported in 106 N. E. 689. As to performance of what duties may be compelled by mandamus, see 125 Am. St. 492. See, also, under (1) 26 Cyc. 443, 168; (2) 26 Cyc. 442.