The People of the State of Illinois ex rel. Lyle H. Rossiter, Appellant, v. Clarence V. Wagemann et al., Appellees.

Gen. No. 9,235.

Opinion filed December 2, 1937. Rehearing denied January 10, 1938.

MARCH & ROSSITER, for appellant.

RUSSELL W. KEENEY, State's Attorney, and WILLIAM R. FRIEDRICH, of Naperville, for appellees; WILLIAM E. HOOPER, JOEL BAKER and LEE E. DANIELS, Assistant State's Attorneys, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is a proceeding for a writ of mandamus to compel Clarence V. Wagemann, the county clerk of DuPage county, Illinois, to certify certain facts, which he had before ascertained, to the county collector of DuPage county, and to compel Arthur L. Hellyer, county treasurer of DuPage county, to proceed to ascertain the value of certain real estate lots, and to also ascertain the sum total of the forfeited general

taxes and forfeited special assessments against each of said lots, and further, that if said Arthur L. Hellyer found that the sum total of forfeited general taxes and special assessment on each of said lots exceeded the value of each of said lots, then to compel said Arthur L. Hellyer to certify that fact to the county collector of DuPage county. The petition was filed on the 29th day of January, 1937, and made the three county officers parties defendant to the suit. The lots were described by their legal description. The amount of the forfeited general taxes, the amount of the forfeited special taxes, and the actual value of each lot was set forth in the petition, all of said lots being in the city of Naperville, in DuPage county, Illinois.

The basis of the complainant's cause of action is a part of the revenue laws of the State of Illinois, and is found in Ill. Rev. Stat. 1937, § 189, sec. 203, ch. 120; Jones Ill. Stats. Ann. 119.225, and is as follows: "Every tract or lot so offered at public sale, and not sold for want of bidders, unless it is released from sale by the withdrawal from collection of a special assessment levied thereon, shall be forfeited to the State of Illinois: Provided, however, that whenever the county judge, county clerk and county treasurer shall certify that the taxes and special assessments not withdrawn from collection on forfeited lands equal or exceed the actual value of such lands, the officer directed by law to expose for sale lands for delinquent taxes shall, on the receipt of such certificate, offer for sale to the highest bidder the tract or lands, in such certificate described, after first giving ten days' notice of the time and place of sale, together with a description of the tract or lands so to be offered. And a certificate of purchase shall be issued to the purchaser at such sale as in other cases in this act provided; and the county collector shall receive credit in his settlement with the custodian of the several funds, for which such tax was

levied for the amount not realized by such sale. And the amount received from any such sale shall be paid by such collector, pro rata, to the custodian of the several funds entitled thereto.''

The city of Naperville was granted leave to file an intervening petition in said suit and to become a party defendant thereto. The county clerk, the county treasurer and the county judge, together with the city of Naperville, filed a motion to dismiss the suit on the ground that the law as stated in § 189, sec. 203 of ch. 120 of said statute, did not impose any duty on said officers to ascertain the amount of forfeited general taxes, or the amount of forfeited special assessments, or the value of said lots, and that it was purely a matter of discretion of each of the officers whether they did any or all of the acts as specified in said statute.

Upon a hearing of said motion the court sustained the same and the petitioner elected to stand by his petition. The court then entered an order dismissing said petition. From the order of dismissal this appeal was taken.

The appellant contends that the statute is mandatory and the designated officers have no discretion in the matter, but must act in pursuance of the statute. The appellees contend that the statute provides several remedies to pursue in the collection of delinquent taxes and that it is discretionary with the tax collector and officials as to the method to be used in the collection of taxes, and that the officials have seen fit not to proceed under the provision of the Revenue Act involved in this proceeding.

In the case of *MacGregor v. Miller,* 324 Ill. 113 at page 118, it is stated: ''It is a well recognized rule that where the performance of an official duty or act involves the exercise of judgment or discretion the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter, and where an

officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be he has exercised his discretion, and his action is not subject to review or control by *mandamus;* and so careful are the courts of encroaching in any manner upon the discretionary powers of public officials, that if any reasonable doubt exists as to the question of discretion or want of discretion they will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer.'' *People ex rel. Gamber v. Board of Supervisors of Gallatin County,* 294 Ill. 579; *Coughlin v. Chicago Park District,* 364 Ill. 90.

It is our opinion that said § 189 of the Revenue Act, Ill. Rev. Stat. 1937, ch. 120, sec. 203; Jones Ill. Stats. Ann. 119.225, provides only one method by which taxing bodies may collect delinquent taxes and it is not mandatory on the officers to pursue this particular remedy if in their own opinion some other method is a better one to pursue, and the manner in which they proceed is left to the discretion of the officers.

The court did not err in sustaining the motion to strike and dismiss the suit.

*Judgment affirmed.*