June 22,  
1955.  } No. 4428.

## OPINION OF THE JUSTICES.

The following resolution adopted by the Senate on June 9, 1955, was filed in this court June 9, 1955:

"Whereas House Bill No. 245, entitled An Act dividing Grafton County into commissioner districts, with amendment as proposed, is pending before the Senate; and

"Whereas questions have been raised concerning the constitutionality of the proposed amendment to said bill;

"Resolved that the Justices of the Supreme Court be respect-

fully requested to give their opinion on the following question of law:

"Do the provisions of House Bill No. 245, An Act dividing Grafton County into commissioner districts, with amendment as proposed, violate the Constitution of New Hampshire with respect to elections? further,

"Resolved that the President of the Senate transmit to the Supreme Court forthwith six copies of this resolution, along with House Bill No. 245, with amendment as proposed, to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the Honorable Senate:*

The Justices of the Supreme Court make the following reply to your request of June 9, 1955, for advice upon the question of whether House Bill No. 245, An Act dividing Grafton County into commissioner districts, as proposed to be amended, violates the Constitution of New Hampshire with respect to elections.

House Bill No. 245, as proposed to be amended, establishes three commissioner districts in Grafton County and provides that one county commissioner shall be chosen from each district by the inhabitants of the several towns in that commissioner district. Counties, like municipal corporations, are political subdivisions of the state. "Consequently they may be altered, modified, or divided as the legislature deems that public convenience or necessity requires. *Bristol* v. *New Chester,* 3 N. H. 524, 532." *Clough* v. *Osgood,* 87 N. H. 444, 447, 448. The plenary control of the Legislature over counties and municipalities has been consistently recognized in this state. See *Opinion of the Justices,* 45 N. H. 595, 599; *Attorney-General* v. *Morin,* 93 N. H. 40. "Thus there has been a consistent and unvarying support of the principle of complete legislative control of local government." *Amyot* v. *Caron,* 88 N. H. 394, 399.

Part II, New Hampshire Constitution, Article 71, reads as follows: "The county treasurers [registers of probate, solicitors, sheriffs] and registers of deeds, shall be elected by the inhabitants of the several towns, in the several counties in the state, according to the method now practiced, and the laws of the state. *Provided nevertheless* the legislature shall have authority to alter the manner

of certifying the votes, and the mode of electing those officers; but not so as to deprive the people of the right they now have of electing them." It is to be noted that this constitutional provision does not control or apply to the election of county commissioners. *Opinion of the Justices,* 73 N. H. 618, 619. The office of county commissioner is purely of statutory origin, having been first created in 1855. Laws 1855, *c.* 1659. *O'Brien* v. *County,* 80 N. H. 522, 524.

The election of county commissioners for Grafton County by commissioner districts, with the further limitation that the voters of a district shall vote for only one commissioner, does not violate the constitutional provisions relating to elections and elective franchise. N. H. Const., Part I, *Art.* 11; *Murchie* v. *Clifford,* 76 N. H. 99, 100, 101. Accordingly, you are advised that House Bill No. 245, as proposed to be amended, is constitutional. *Opinion of the Justices,* 73 N. H. 618, *supra.*

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

June 22, 1955.