LEWSADER, AUDITOR ET AL. *v.* STATE EX REL. VIGO COUNTY AREA PLAN COMMISSION.

[No. 30,226. Filed June 5, 1963. Petition to modify mandate denied September 17, 1963.]

*L. P. Kincade, Jerdie D. Lewis* and *Lewis & Lewis,* of counsel, all of Terre Haute, for appellants.

*John H. Beasley,* of Terre Haute, for appellee.

PER CURIAM.—This is an appeal from an action in mandate brought by the appellee, Vigo Area Plan Commission, against the Vigo County Council and the Auditor of Vigo County to compel the appropriation of funds for the plan commission. The pleadings are quite complicated, but after the filing of amended and supplemental complaints and demurrers thereto, along with a plea in abatement, a supplemental plea in abatement and demurrers thereto as well as answers to the complaints, the court sustained appellee's motion for a judgment on the pleadings, directing the appellants to appropriate the money for the operation of the plan commission.

Under both the plea in abatement and the supplemental plea in abatement the issue of whether or not

the Vigo County Area Plan Commission was properly incorporated and presently existed was raised, while under a demurrer to the complaint the memorandum pointed out that there was no allegation that any demand prior to the bringing of the mandate action was made upon the proper officials for the appropriation. There is also raised the added question as to whether or not the action of the county commissioners, in an attempted repeal of its ordinance which purported to establish the area planning commission, was effective.

We point out, first, that there is no allegation or evidence that the alleged area plan commission ever met, organized itself, elected and appointed officers and created a de facto existence. It necessarily follows that there is no evidence that any officer, pursuant to authority and on behalf of the area plan commission, ever made any demand upon the Auditor or County Council for an appropriation.

The many questions raised in this appeal, therefore, need not be given consideration, since we feel the action in this case was brought without the necessary prerequisite being established, namely, a demand for action prior to the bringing of the mandate proceeding herein. No right to an appropriation existed until the Planning Commission was created. The duty to appropriate did not arise until the Planning Commission was constituted. This is quite different from a situation where the statute makes it mandatory to appropriate money without any conditions precedent. There is no showing that the County Council had knowledge of the legal creation of the Planning Commission or that any demand after such showing was made for an appropriation. The duty was upon the Planning Commission, if legally created, to

make such a showing to the County Council and a demand for appropriations. 19 I. L. E., Mandate and Prohibition, Sec. 8, p. 164; 34 Am. Jur., Mandamus, Sec. 80, p. 869; *City of Michigan City* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. 2d 968; *McClellan* v. *State ex rel.* (1914), 182 Ind. 433, 106 N. E. 689; *State ex rel. Shoemaker* v. *Fry* (1946), 224 Ind. 337, 67 N. E. 2d 142.

There is merit in such a principle of the law, since no public body or officer should be subjected to a suit or litigation without first being given the opportunity, upon demand, to perform the act which it is claimed he is required under the law to do. Such a preliminary demand, it may be assumed, often will eliminate the necessities of any legal action or will reveal a good defense against such action. *State ex rel. Brennan* v. *Superior Court, etc.* (1960), 240 Ind. 446, 166 N. E. 2d 336.

One who requests mandate must show a clear legal right to use the extraordinary writ as well as a clear legal duty to perform the function demanded. *Stevens, Trustee* v. *State ex rel. Alexander* (1947), 224 Ind. 688, 70 N. E. 2d 632.

In the supplemental complaint, it is stated that the relator prepared and submitted an annual budget and estimate, as required by law, for the operation of the area planning commission to the Vigo County Council on the 1st day of August 1961-62. However, that was following and subsequent to the filing of the main action of mandate in this case on February 1, 1960. A demand made subsequent to the filing of a cause of action such as this cannot cure a defect (a demand) which is a necessary prerequisite to the filing of a cause of action. The demand must be made prior to the bringing of the action where the law re-

quires such a demand. 25 I. L. E., Replevin, Sec. 16, p. 75; *Jones* v. *Gregg* (1861), 17 Ind. 84.

We must therefore reverse the trial court's judgment, and since the error appears to be incurable under the pending action, the trial court is directed to enter judgment for the appellants.

NOTE.—Reported in 190 N. E. 2d 654.