Hillsborough,
No. 5825.

## Norman Bisson & a.

### v.

## Milford & a.

Argued October 2, 1968.
Decided January 31, 1969.

*Lesieur & Janelle* (*Mr. Leo R. Lesieur* orally), for the plaintiffs Norman and Norma F. Bisson.

*William L. Edwards* for the plaintiff Nathalie Comire.

*Enright & Lizotte* (*Mr. James F. Enright* orally), for the defendant town of Milford.

Grimes, J. The question whether the town of Milford was authorized by RSA 31:39 to enact a certain ordinance adopted on May 24, 1965 at a special town meeting was transferred without ruling by *Keller,* J., partly on an agreed statement of facts and partly on facts found after hearing and a view.

The ordinance in question establishes three districts in the town of Milford which are subject to the restrictions contained in the ordinance. The area covered by these three districts constitutes but a small part of the entire town. Two of the districts are entirely residential while the third includes a supermarket and three or four multiple dwellings but otherwise consists of single dwellings. The restrictions imposed on these districts include

prohibition of any but single and two-family dwellings, minimum lot areas, no more than 40% of any lot to be occupied by residential buildings, 100 foot minimum lot frontage, and prohibition of home trailers or mobile homes. The ordinance excepts existing nonconforming uses and lots smaller than minimum requirements if on record before adoption of the ordinance.

The selectmen are charged with the duty of administering and enforcing the ordinance which prescribes a fine not to exceed $10 for each day of violation. The ordinance does not provide for a board of adjustment or zoning commission and the regulations were not made in accordance with a comprehensive plan. RSA 31:61, 65, 66. No provision is made for variances. It is agreed that the procedural steps required for a zoning ordinance under RSA 31:60-89 have not been met but that the procedural steps required for the enactment of an ordinance pursuant to RSA 31:39 defining the general police powers of towns have been met.

The controversy arose when the selectmen of Milford issued a permit to the Bissons to convert into a room a part of a barn on their property located in one of the districts covered by the ordinance. Nathalie Comire claims in her bill in equity that in truth they converted a five-unit dwelling into a six-unit dwelling in violation of the ordinance in question and seeks to have the permit declared void and the Bissons restrained from using the sixth unit. She, the town and selectmen claim that the ordinance in question is valid under the general police power statute (RSA 31:39) and make no claim that it is valid as a zoning ordinance under RSA 31:60-89.

Plaintiffs Bisson claim that the ordinance as enacted is in fact a zoning ordinance and that since the Legislature has dealt separately with that part of the police power which relates to zoning, the requirements of RSA 31:60-89 must be met and that such an ordinance cannot be justified under RSA 31:39. The Bissons seek a determination of their rights by way of declaratory judgment. We agree with the contention of the Bissons.

Towns have only such powers as are granted to them by the State. *Opinion of the Justices,* 101 N. H. 544; *Exeter* v. *Kenick,* 104 N. H. 168; *Spurgias* v. *Morrissette,* 109 N. H. 275. The police power lies in the sovereign State, and towns may exercise

only that part of it as has been delegated to them by statute. *Jaffrey* v. *Heffernan,* 104 N. H. 249, 252. RSA 31:39 delegates to towns certain police powers enumerated therein. The authority to enact zoning ordinances is contained in RSA 31:60-89, which define both the extent of the authority and the procedure to be followed in adopting such an ordinance.

Section 60 grants to towns, for the purpose of promoting health, safety, morals or the general welfare, the power " . . . to regulate· and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes." Section 61 provides the power to divide the town into districts, and section 62 sets forth the purposes for which regulations may be made, which include promotion of health, general welfare, to provide light and air, prevent overcrowding and to facilitate provision of transportation, water, sewerage and other public requirements.

The Trial Judge has found that "The primary purpose of the ordinance was to restrict the use of the three areas to single family and two family residential buildings, so as to preserve the existing characteristics of the areas, and incidentally, to help protect the health and safety of the people in the areas." As noted above, the ordinance seeks to regulate the use of buildings, the size and percentage of lots that may be occupied and indirectly seeks to regulate the size of yards and other open spaces and the density of population. It also establishes three districts in which these regulations are to be effective. It contemplates that permits may be granted for changes in nonconforming uses. We hold that these comprehensive regulations clearly must be classified as a zoning ordinance which could not be legally enacted except in compliance with the requirements of RSA 31:60-89.

Cases such as *Jaffrey* v. *Heffernan,* 104 N. H. 249 and *Deering* v. *Tibbetts,* 105 N. H. 481, relied upon by Mrs. Comire and the town to uphold the ordinance under RSA 31:39 are not controlling here.

We hold, therefore, that the ordinance in question in this case

is invalid, and the question transferred is answered in the negative.

*Remanded.*

All concurred.