Rockingham,
No. 6413.

HAROLD R. SHERMAN *v.* TOWN OF BRENTWOOD & *a.*

April 10, 1972.

*Seth M. Junkins,* by brief and orally, for the plaintiff.

*Carleton Eldredge,* county attorney, by brief and orally, for the defendant county of Rockingham.

*Shute, Engel & Frasier (Mr. Francis J. Frasier* orally) for the defendants town of Brentwood and Fred H. Taylor.

GRIFFITH, J. Plaintiff petitioned the superior court to restrain the county of Rockingham from constructing an addition to the county hospital of a 100-bed additional facility in the town of Brentwood. Plaintiff's petition attacked the

validity of a variance for the construction of the county hospital granted by the Zoning Board of Adjustment of the Town of Brentwood. Plaintiff had appeared at the hearing on the variance in opposition and after the decision his petition for rehearing had been denied by the board, and this appeal was taken.

On January 27, 1972, a hearing was held and on February 8, 1972, the Trial Court (*Batchelder*, J.) found that the plaintiff had not sustained the burden of proving that the action of the Brentwood Zoning Board of Adjustment was either "unlawful or unreasonable" and dismissed the petition as an appeal. Plaintiff then moved to reopen the case alleging in part that he had not had a hearing on the merits of his petition. This motion was denied by the trial judge on March 3, 1972. Plaintiff's exceptions were reserved and transferred by the trial judge on March 23, 1972, and by agreement of the parties the case was expedited and argued before this court April 5, 1972.

It appears that the county commissioners petitioned the Brentwood Board of Adjustment without consultation with the county attorney. The county attorney took the position in the superior court and here that the county in this case was not subject to the provisions of the Brentwood Zoning Ordinance. While there may be merit in this position (*see* Annot., 61 A.L.R.2d 970 (1958); 1 Antieau, Municipal Corporation Law *s.* 7.86, at 490.90 (1968)), the trial court found the issue moot in view of his finding sustaining the board's ruling and in the present posture of the case we shall not rule on the issue of immunity.

At the hearing on January 27, 1972, plaintiff examined two members of the board and a selectman of the town. In addition the court accepted in evidence the minutes of the board and certain agreed stipulations of fact by the parties. At the conclusion of the hearing the court inquired if there was any further evidence or testimony to be presented and all counsel answered in the negative. Clearly there had been a hearing on the merits and we must reject plaintiff's claim to the contrary. Neither in his motion nor in the hearing on the motion did plaintiff suggest that he could produce any relevant evidence not available at the original hearing.

Under these circumstances the motion was properly denied. *Rautenberg* v. *Munnis,* 109 N.H. 25, 241 A.2d 375 (1968).

Plaintiff argued that since a member of the board worked in the county surplus food program, the decision of the board was illegal. RSA 31:73. It does not appear that he was in any way concerned with the proposed addition or the hospital program and he testified that he considered himself free of bias in favor of the county. The record supports the implied finding of the trial court that there was no conflict of interest and that the hearing was not rendered unfair by his participation in the decision. *Opinion of the Justices,* 104 N.H. 261, 264-66, 183 A.2d 909, 912-13 (1962); *Levesque* v. *Hudson,* 106 N.H. 470, 214 A.2d 553 (1965); *N.H. Milk Dealers' Ass'n* v. *Milk Control Board,* 107 N.H. 335, 222 A.2d 194 (1966).

Contrary to the claim of the plaintiff the action of the board was in conformity with the so-called right-to-know law, RSA 91-A:3 (I) (supp.). The claim that defendant Taylor, who sold the land for the new facilities to the county, was left with inadequate frontage under the zoning ordinance after the sale, has no relevance to the validity of the variance granted the county. The record and exhibits disclose no other basis to sustain the plaintiff's exceptions. *Vannah* v. *Bedford,* 111 N.H. 105, 276 A.2d 253 (1971); *Simoneau* v. *Nashua,* 112 N.H. 18, 287 A.2d 620 (1972). The record indicates that the legal proceedings in this case should be expedited and accordingly the certificate of this court will not await the usual thirty-day period but will issue forthwith.

*Exceptions overruled; petition dismissed.*

All concurred.