Grafton,
No. 6444.

BARBARA J. FORTIER *v.* GRAFTON COUNTY *& a.*

June 16, 1972.

*Stebbins & Bradley* (*Mr. David H. Bradley* orally) for the plaintiff.

*N. George Papademas,* county attorney, and *Baker & Page* (*Mr. William A. Baker* orally) for the defendants.

PER CURIAM. This is a petition to compel the County Commissioners of Grafton County to relocate the vault door in the register of probate office. Plaintiff is the register of probate and the county commissioners in the present posture of the case are the defendants. County Commissioner William A. Baker, who is also a lawyer, testified at the hearing before the trial court and by permission of the county attorney argued the defendants' case here.

The dispute arose during the construction of a new Grafton County courthouse and office building in Haverhill. In the statement of needs for the new building prepared by the defendant architects dated March 24, 1969, the following provision appears among the requirements for the probate vault.

"This area will be directly accessible from the general office. It is a private area and will not be accessible to the general public." Plans submitted October 14, 1969, showed the vault directly accessible from the general probate office in an area from which the public would ordinarily be excluded.

On May 27, 1970, the architect had redrafted the plan of the probate offices to provide the plaintiff with a private office which she had requested. This plan had the entrance to the vault around the corner from the general office in a corridor leading to the probate judge's hearing room and chambers. The building has been constructed in accordance with these plans and the entrance to the vault is from the corridor rather than the general office.

Although plaintiff saw these new plans she did not notice the change in the entrance until July of 1971. At that time

construction of the building had progressed to the point that changing the entrance would add to the cost of construction. Plaintiff consulted the architect who initially agreed to the change. On July 28, 1971, plaintiff received from the contractor a sketch showing the vault door relocated and a note on it that the architect had authorized the change at an estimated cost of $1000.

The architect testified that he originally thought the change was a minor item but later discovered it could cost $1500. He then took the matter up with the county commissioners who refused to make the change. In spite of protests from the plaintiff and the judge of probate construction was completed with the vault door opening into the corridor. The estimated cost of relocation is now $2000 to $2500.

Trial was held before *Perkins,* J., who also viewed the completed building. On December 14, 1971, he made the following finding:

"The Court finds as a fact that the present location of the entrance and vault door of the Register of Probate's office is such that the Register of Probate cannot keep the said Probate office vault, when open and in use, under constant surveillance, thereby resulting in an unsafe, uneconomic and undesirable condition, as regards the safe-keeping of said Probate office records, in the event that said entrance and vault door remain a, presently constructed."

The decree of the court ordered the county commissioners to relocate the door so that it would open into the general probate office as originally planned. It further ordered the exact relocation to be determined following "meaningful" consultation between all parties concerned. Defendants' exceptions to the decree were reserved and transferred.

Counsel in oral argument requested an early decision here. Since it appears that the register of probate remains as apparently the only occupant of the old county building in Woodsville we recognize the need of dispatch in the settlement of this dispute and have complied with their request.

The history of the development of county government and the authority of county commissioners from their first introduction into county management by Laws 1855, ch. 1659, *s.* 37 has been covered extensively in earlier decisions

by this court. *Brown* v. *Reding,* 50 N.H. 336 (1870); *Brown* v. *Grafton County,* 69 N.H. 130, 36 A. 874 (1896); *O'Brien* v. *County,* 80 N.H. 522, 120 A. 254 (1923). These cases recognize that county commissioners have fairly broad discretionary powers in their management of county property (*Brown* v. *Reding supra*) and in the erection of buildings authorized by the county convention. *O'Brien* v. *County, supra* at 527.

The authority of county commissioners in their erection of buildings and management of county property is determined by the statutes governing counties. *See Opinion of the Justices,* 99 N.H. 540, 114 A.2d 879 (1955). While their discretionary acts are not subject to review except for an arbitrary or fraudulent exercise of them, mandamus will lie against them when the action complained of is based upon a mistaken view of the law (*see Garratt* v. *City of Philadelphia,* 387 Pa. 442, 127 A.2d 738 (1956)) or where there is a "clear legal duty to perform the function demanded." *Lewsader* v. *State,* 244 Ind. 275, 278, 190 N.E.2d 654, 656 (1963); 4 Antieau, County Law *s.* 40.09 (1966).

In their erection of the courthouse and county building the county commissioners were acting under the authority of RSA 28:7. In the erection of the building they were bound to carry out the duty to the public entrusted to the county by statute. RSA 23:3 provides "Every county shall have suitable court-houses, houses of correction, and other buildings necessary for its uses, and suitable offices having fire-proof safes for the register of deeds, the register of probate, and the clerk of court."

The plaintiff testified that the location of the vault door did not properly provide for safekeeping of her records, a duty she is charged with under RSA 548:6. A judge of probate from another county who had served as a register of probate for 21 years prior to his appointment to the court testified that the location of the vault door rendered the office unsuitable. This testimony together with the view supported the findings of the court which in effect were that the commissioners had failed to provide suitable offices for the register of probate. While design may be considered within the discretion of the commissioners suitability may often be purely a question of fact. Thus a vault inadequate

in size to contain the records or as in this case with a vault door located so as to be unsafe when in use cannot reasonably be found to constitute a suitable office as required by statutes. RSA 23:3; RSA 548:6. That the register of probate could have discovered the change in plans prior to construction or that her refusal to move to the new office may be subject to criticism is no defense since as plaintiff here she represents the public and their rights may not be so foreclosed. *People v. Board of Supervisors*, 294 Ill. 579, 128 N.E. 645 (1920).

The commissioners having been found by the trial court to have failed in their legal duty to provide suitable offices for the register of probate could properly be ordered to do so. The relocation ordered by the trial court was a proper order where the defendants had offered no other solution. However, this opinion is not to be interpreted as precluding all interested parties from arriving at a different solution provided agreement is reached within 45 days from the date of this opinion and relocation of the probate office is accomplished no later than September 15, 1972.

*Exceptions overruled; remanded.*