OPINION OF THE JUSTICES

May 23, 1973

The following resolution was adopted by the house of representatives, and filed in this court on May 15, 1973:

"WHEREAS, there is pending before the House of Representatives House Bill 711, an act relative to the location of the proposed Cheshire County courthouse, and

"WHEREAS, said bill provides for a courthouse to be located at Fuller Park, on county land in the city of Keene, notwithstanding any zoning ordinance, and

"WHEREAS, the city of Keene has enacted a zoning ordinance which would prohibit the location of a courthouse at said location, and

"WHEREAS, questions have arisen as to the need for the proposed act,

"NOW, THEREFORE BE IT

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"Is a statute such as House Bill 711 necessary or is a county exempt from compliance with zoning ordinances of a town or city?

"Be it further resolved that the Speaker transmit seven copies of this resolution and seven copies of House Bill 711 to the clerk of the supreme court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court return the following answer to the question contained in your resolution adopted and filed with the supreme court on May 15, 1973. The time for filing memoranda on the submitted question by interested parties or any member of the public was May 21, 1973.

The primary question submitted is whether a county, in the absence of express statutory authority exempting it from the provisions of a city zoning ordinance, may construct a courthouse on county land in an area where such construction is prohibited by the ordinance. Under the provisions of House bill 711 Cheshire County is authorized to construct a new courthouse "notwithstanding any present or future zoning ordinances enacted by the city of Keene to the contrary." A secondary question is whether this statute is necessary.

While there is some conflict among the cases, it is a general rule supported by a majority of jurisdictions and by the commentators that municipal ordinances do not control county construction, particularly where the county is performing an essential function of government, such as the construction of a courthouse. "Municipal corporations will ordinarily not be able to apply their zoning controls to the counties in which they are located, absent statute clearly authorizing the same. Illustratively, the Wisconsin court has held that a city could not regulate by zoning ordinance the location and construction of a county jail." 1 Antieau, Municipal Corporation Law § 7.86, at 490.90 (1968), citing *Green County v. Monroe,* 3 Wis. 2d 196, 87 N.W.2d 827 (1958). The same legal proposition has been stated in 8 McQuillin, Municipal Corporations § 25.15, at 45 (rev. ed. 1965) as follows: "Municipal zoning regulations or restrictions usually do not apply to the state or any of its subdivisions or agencies, unless the legislature has clearly manifested a contrary intent. Thus, properties and the uses thereof may be immune or exempt from the operation of municipal zoning regulations where owned or controlled by counties . . . ." To the same effect *see* 2 Yokley, Zoning Law Practice § 21-5 (3d ed. 1965).

In this State we have no express statute which provides that counties are or are not subject to municipal zoning laws. The fact that the legislature has provided that housing

authorities are subject to municipal zoning laws is some evidence, although not conclusive, that express legislative authority is required if city zoning ordinances are applicable to other governmental units. *See* RSA 203:13. In *Sherman v. Brentwood,* 112 N.H. 122, 123, 290 A.2d 47, 48 (1972), the question was raised but not decided as to whether counties are subject to local zoning ordinances. In that case it was stated that there may be merit in the position that counties were not subject to local zoning ordinances.

The house of representatives is advised that New Hampshire adopts the majority rule that a county is not required to comply with a city zoning ordinance in the erection and construction of a courthouse. Annot., 61 A.L.R.2d 970 (1958); *County of Westchester v. Village of Mamaroneck,* 41 Misc. 2d 811, 246 N.Y.S.2d 770, *aff'd,* 22 App. Div. 2d 143, 255 N.Y.S.2d 290 (1964), *aff'd,* 16 N.Y.2d 940,212 N.E.2d 442, 264 N.Y.S.2d 925 (1965); *see Appelbaum v. St. Louis County,* 451 S.W.2d 107 (Mo. 1970).

In view of our answer it is unnecessary for the legislature to enact House bill 711, "An Act relative to the location of the proposed Cheshire county courthouse", although enactment of this statute might be of assistance to the county in the issuance of any bonds therefor.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

Edward J. O'Brien, of Keene, for a negative answer.