Hillsborough
No. 6566

FREDERICK F. MCGRATH & *a.*

v.

CITY OF MANCHESTER & *a.*

June 29, 1973

*Emile R. Bussiere* and *Kenneth R. McHugh (Mr. McHugh* orally) for the plaintiffs.

*J. Francis Roche,* city solicitor, by brief and orally for the defendant city.

*Frederic T. Greenhalge* for the defendant R. C. Foss & Son, Inc., filed no brief.

DUNCAN, J. The plaintiffs, as residents of a single family zone in Manchester, seek to enjoin the city from constructing on city land within the zone and in the vicinity of the Derryfield golf course a garage for the storage of trucks and tractors of the city parks and recreation department, and for the repair and maintenance of vehicles of its fire department. There was evidence that alternative sites were not available and that appropriate screening would be provided. The defendant's motion to dismiss the action was denied by the Superior Court (*Mullavey*, J.) subject to defendant's exception. Following a further hearing, the presiding justice found and ruled that the proposed construction is a governmental function, and in violation of the Manchester zoning ordinance, and transferred to this court without ruling the question "as to whether or not the City is bound by the terms of the ordinance . . . ." To this order the plaintiffs seasonably excepted, and all questions presented by the exceptions of the parties were reserved and transferred.

In a recent *Opinion of the Justices*, 113 N.H. 217, 304 A.2d 872 (1973), the justices of this court advised the house of representatives that "New Hampshire adopts the majority rule that a county is not required to comply with a city zoning ordinance in the erection and construction of a courthouse" a project which is an essential function of government. The same majority rule supports the view that a city is not bound by its own zoning ordinance in the performance of its governmental functions absent any statutory provision to the contrary. 8 E. McQuillin, Municipal Corporations § 25.15 (1965 rev. vol.); 2 R. Anderson, American Law of Zoning § 9.03 (1968); 2 A. Rathkopf, The Law of Zoning and Planning 53-1 to 53-6 (1960). The extent to which any governmental unit shall be immune from zoning requirements is a matter within legislative control; but our enabling act is silent upon the subject. RSA 31:60-89; *see* Note, *Zoning Immunity*, 84 Harv. L. Rev. 869, 879-83 (1971).

We recognize, as plaintiffs point out, that the act contains a special provision relating to structures of public utilities. RSA 31:62; *see In re Monmouth Consolidated Water Co.,* 47 N.J. 251, 259-60, 220 A.2d 189, 193 (1966). Similarly the Manchester ordinance contains provisions relating to recreational areas and "essential public services", such as facilities of electric power and telephone companies. Since such uses are commonly privately owned and operated, no purpose to authorize the regulation of governmental activities and uses is reasonably to be implied therefrom.

It is established in this jurisdiction that the control of fires is a governmental function (*Reynolds v. Nashua,* 93 N.H. 28, 35 A.2d 194 (1943); *Shea v. Portsmouth,* 98 N.H. 22, 94 A.2d 902 (1953)), as is the operation and maintenance of public parks and recreational areas. *Piasecny v. Manchester,* 82 N.H. 458, 136 A. 357 (1926); *Harkinson v. Manchester,* 90 N.H. 554, 5 A.2d 721 (1939). Thus the finding and ruling of the trial court that the construction proposed by the city in this case is a governmental function is supported by the law and the evidence.

In these circumstances, the conclusion follows that the city is not bound to comply with the zoning ordinance, but may construct the building in furtherance of its governmental functions without regard thereto. *Nehrbas v. Lloyd Harbor,* 2 N.Y.2d 190, 140 N.E.2d 241, 159 N.Y.S.2d 145, 61 A.L.R.2d 965, 970 (1951). *See also Stiger v. Village of Hewlett,* 283 App. Div. 827, 129 N.Y.S.2d 38 (1954); *Kedroff v. Springfield,* 127 Vt. 624, 256 A.2d 457 (1969); Annot., 61 A.L.R.2d 970 (1968). We hold that in the construction and use of the proposed building, the city is not bound by the terms of its zoning ordinance.

*Exceptions overruled; remanded.*

KENISON, C. J., did not sit; the others concurred.