Cheshire
No. 6683

### County of Cheshire v. City of Keene

January 31, 1974

*Edward J. O'Brien,* county attorney, by brief and orally, for the plaintiff.

*Charles H. Morang,* city attorney, by brief and orally, for the defendant.

PER CURIAM. Petition for declaratory judgment requesting a determination of whether the plaintiff, in constructing a county courthouse facility within the city of Keene, is subject to the city's zoning regulations. In advance of trial, the defendant filed a motion for a disqualification of the Presiding Justice (*King,* J.) for the reason that he was chairman of the court accreditation commission and had participated in that capacity in the planning of the courthouse. Although the motion was denied, subject to the defendant's exceptions, the court explained that he would permit the defendant to present any evidence and would make no ruling on any question raised by the petition. All questions of law raised in these proceedings were reserved and transferred without ruling.

The primary question raised by this action, although undecided at the time this petition was filed, was resolved in *Opinion of the Justices,* 113 N.H. 217, 304 A.2d 872 (1973), wherein we specifically gave an opinion that Cheshire County is not required to comply with the Keene zoning ordinance in the erection and construction of a courthouse. *See also McGrath v. Manchester,* 113 N.H. 355, 307 A.2d 830 (1973). The great majority of jurisdictions supports this view, 1A C. Antieau, Municipal Corporation Law § 7.86, at 490.90 (1966, Supp. 1973); 61 A.L.R.2d 970, 988 (1968), and no compelling reason has been presented to us to reexamine our opinion in that case.

The defendant contends, assuming the above, that the county convention improperly *selected* the site of the proposed courthouse on Armory Street in violation of RSA 24:13 and 28:7. RSA 24:13 empowers the county convention *to appropriate* capital and issue bonds for the erection of county buildings, whereas RSA 28:7 enables the county commissioners *to erect* such buildings when authorized by the convention. *Fortier v. Grafton County,* 112 N.H. 208, 210-11, 292 A.2d 853, 854-55 (1972). The defendant relies on *O'Brien v. Rockingham County,* 80 N.H. 522, 120 A. 254 (1923), and *Brown v. Grafton County,* 69 N.H. 130, 36 A. 874 (1896), in support of the position that only the county commissioners can select a site for a county building and asserts that the decision was actually made by the convention. The plaintiff does not take issue with the defendant's characterization of the law, but rather emphasizes that the facts demonstrate that the commissioners did select the location of the site.

In reviewing the record, we have found substantial support for the plaintiff's position. There was evidence showing that the commissioners, after investigating other locations, agreed on the Armory site and recommended it to the convention as being desirable. Because the commissioners anticipated some difficulty in securing enough votes on the bond issue for the construction of the courthouse, they arranged to confer with a building committee appointed by the convention on the details of the structure's design and layout once the bond issue was approved. However, this committee was to have nothing to do with the selection of the site and thus, when the convention voted on June 19, 1972, to approve the bond issue which made specific mention of the Armory site, it is clear that the commissioners had previously made the decision concerning the location of the site, and the convention merely endorsed this action.

The defendant also asserts that the convention did not comply with the notice requirements of RSA 24:9-a to -d. While the evidence is unclear as to whether or not the clerk notified the public and the members of the convention on every occasion, the record establishes that notice was given in accordance with the statute prior to all of the important meetings, namely the February 12, April 17, and June 17,

1972 public hearings on the courthouse bonds and the June 19, 1972 meeting in which the convention voted its approval of the bond issue. There is further evidence that the notice requirements were met for various other meetings in which the bond issue was discussed. Since the defendant has not shown that anyone was prejudiced by a failure of the clerk to give notice, we believe the convention has substantially complied with RSA 24:9-a to -d. *Bridgham v. Keene,* 112 N.H. 84, 86, 289 A.2d 392, 393-94 (1972); *McKinney v. Riley,* 105 N.H. 249, 252, 197 A.2d 218, 221 (1964).

The defendant's final contention is that the denial of its motion for disqualification of the trial court was improper due to a conflict of interest. It claims that Judge King, as chairman of the New Hampshire Court Accreditation Commission (RSA 490:5-a to -e (Supp. 1972)), was too involved with the supervision of court facilities to be an impartial judge in the present case. It also points to a letter dated March, 31, 1972, written by Judge King, in his capacity as a judge, to State Representative James E. O'Neil, Sr., in which he made various recommendations concerning the layout and design of the Cheshire County courthouse. This letter was read to the convention during its deliberations concerning the bond issue and is said by the defendant to have influenced the delegates in favor of the Armory site.

We reject this argument as being without merit. The standard of review for determining a conflict of interest is whether the judicial officer has a direct personal and pecuniary interest in the matter before it. *Opinion of the Justices,* 104 N.H. 261, 264-65, 183 A.2d 909, 912-13 (1962); *see Sherman v. Brentwood,* 112 N.H. 122, 124, 290 A.2d 47, 48 (1972). The purpose of the court accreditation commission is primarily directed toward prescribing minimum standards for State courts with respect to the design and adequacy of the courthouse facilities and certain administrative functions (RSA 490:5-c (Supp. 1972)). The March 27, 1972 letter merely emphasized the importance of incorporating certain design features. There is no evidence that Judge King had any direct personal and pecuniary interest in the proposed Armory site. It further appears from the record that he deliberately refrained from making findings of fact or rulings

of law on the issues in the petition, leaving such determinations for this court, and merely supervised the introduction of evidence. *N.H. Milk Dealers' Ass'n v. Milk Control Bd.*, 107 N.H. 335, 338-39, 22 A.2d 194, 197-98 (1966). We find no conflict of interest in this case, and the order is

*Defendant's exceptions overruled.*

GRIFFITH, J., did not participate in the decision of this case.