Rockingham
No. 7828

## CITY OF PORTSMOUTH

v.

## JOHN T. CLARK AND SON OF NEW HAMPSHIRE, INC. STATE OF NEW HAMPSHIRE PORT AUTHORITY

October 17, 1977

*Peter J. Loughlin,* of Portsmouth, by brief and orally, for the plaintiff.

*Sanders & McDermott,* of Hampton (*Mr. Wilfred L. Sanders, Jr.* orally), for the defendant John T. Clark and Son of New Hampshire, Inc.

*David H. Souter,* attorney general, and *Deborah J. Cooper,* attorney (*Ms. Cooper* orally), for the New Hampshire Port Authority.

GRIMES, J. The main issue in this case is whether certain land in Portsmouth, owned by the state and leased to the defendant Clark & Son, is subject to zoning regulation of the city of Portsmouth. We hold that it is not.

The New Hampshire State Port Authority is an agency of the state government created by RSA ch. 271-A. It is authorized by RSA 271-A:3 (IV) (Supp. 1975) to "contract with and secure the services of a port terminal operating firm . . . for the purpose of having such firm operate a part or all of the facilities of the authority. . . ." Pursuant to this authorization, the port authority leased a portion of the land it owns in the city of Portsmouth to Clark & Son to secure its services as a port terminal operating firm. As part of its operations, Clark & Son store certain goods awaiting shipment on the leased land. Among those items which are so stored are piles of scrap metal.

The Portsmouth zoning ordinance purports to prohibit junkyards in industrial sections except on special exception. Clark & Son have not obtained a permit from the city either under the zoning ordinance or under RSA ch. 267-A. In January 1977, the city petitioned the superior court in Rockingham County for injunctive relief because of an alleged violation of its zoning ordinance. The petition was later amended alleging a nuisance.

The parties filed an agreed statement of facts and the trial court granted the defendants' motions to dismiss. Plaintiff's exceptions were transferred by *Mullavey, J.*

 Cities and towns have only such powers as are granted to them by the state. *Bisson v. Milford,* 109 N.H. 287, 249 A.2d 688 (1969). Portsmouth, therefore, has only such zoning powers as have been given to it by the state statute, RSA 31:60–87. That statute gives the city no power to subject the state to its zoning ordinance requirements, and as we have before stated, those restrictions "do not apply to the state or any of its subdivisions or agencies unless the legislature has clearly manifested" an intent that they shall. *Opinion of the Justices,* 113 N.H. 217, 304 A.2d 872 (1973) (quoting 8 McQuillin, Municipal Corporations § 25.15 at 45 (rev. ed. 1965)). *See also Cheshire v. Keene,* 114 N.H. 56, 314 A.2d 639 (1974); *McGrath v. Manchester,* 113 N.H. 355, 307 A.2d 830 (1973).

 The New Hampshire State Port Authority is an agency of the state created by RSA ch. 271-A to perform certain legitimate state functions as set forth by statute. The functions performed by the defendant Clark & Son fall clearly within the scope of the port authority's mandate. The fact that Clark & Son is a

private corporation does not alter the fact that the functions it performs are state functions. The lease arrangement is simply the method the port authority chose to perform some of its functions and this method is clearly authorized by RSA 271-A:3 IV (Supp. 1975). In addition the port authority has by positive action preempted the city in accordance with RSA 271-A:15 (Supp. 1975). It follows that the Portsmouth zoning ordinance does not apply to the defendants in this case. We express no opinion as to applicability of zoning ordinances to lessees of the state under different circumstances from those that exist in this case.

*Exceptions overruled.*

LAMPRON and DOUGLAS, JJ., concurred in the result; the others concurred.

LAMPRON and DOUGLAS, JJ., concurring in the result: We concur in the result solely because we would find preemption by the port authority pursuant to RSA 271-A:15 (Supp. 1975).